MARJORIE BELANGER, ADMINISTRATRIX (ESTATE OF PATRICK BELANGER) *v.* VILLAGE PUB I, INC., ET AL.

MARJORIE BELANGER, ADMINISTRATRIX (ESTATE OF PATRICK BELANGER) *v.* JOHN J. CIMINO ET AL.
(9850)

DALY, FOTI and LANDAU, Js.

Argued November 7, 1991—decision released February 4, 1992

*Elaine J. Kraucunas,* for the appellants (defendants).

*Michael C. Jainchill,* with whom, on the brief, was *Everett H. Madin,* law student intern, for the appellee (plaintiff).

DALY, J. The defendants appeal from a jury verdict rendered for the plaintiff, the administratrix of the estate of her deceased son, Patrick Belanger. The plaintiff instituted two separate actions against the defend-

ants. The first was based on General Statutes § 30-102,[1] the second alleged reckless and wanton misconduct in the dispensing of alcoholic beverages by the defendants. The actions were ordered consolidated and resulted in verdicts in favor of the plaintiff. The defendants claim that the trial court improperly (1) prevented the defendants from raising contributory or comparative negligence defenses pursuant to General Statutes § 52-572h, (2) prohibited the admission of evidence of a settlement agreement with the operator of the motor vehicle who was testifying as a witness for the plaintiff, (3) determined that there was sufficient notice as required by General Statutes § 30-102, (4) refused to grant the defendants' motion to strike the substitute complaint, (5) prevented superseded complaints from being introduced into evidence and (6) charged the jury concerning the doctrine of respondeat superior. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On August 28, 1987, Patrick Belanger was operating a motor vehicle traveling north on Route 8 in Naugatuck. At approximately 1 a.m., Gary Grady was driving his jeep south on Route 8. The jeep crossed into the northbound lane causing a head-on collision that resulted in the death of Belanger. At 2:18 a.m., Grady registered a blood alcohol level of 0.313.

During the evening of August 27, 1987, and into the early morning of August 28, Grady had been drinking alcohol at Gabriella's Cafe in Southington. Grady and a friend both testified that the cafe employees served him excessive amounts of alcohol. At one point, Grady's friend asked the bartender not to serve any more drinks

---

[1] General Statutes § 30-102, also known as the dram shop act, provides: "If any person, by himself or his agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages . . . ."

to Grady because he was intoxicated. The bartender, however, continued to serve alcohol to Grady until approximately 12:30 a.m. John Cimino was the permittee of Gabriella's Cafe, and Village Pub I, Inc., was the corporate owner of the bar. Cimino is the president and sole shareholder of Village Pub I, Inc.

I

The defendants first claim that the trial court's decision to strike its special defense of contributory negligence was improper. The trial court struck the special defense to both of the plaintiff's causes of action, concluding that because neither involved an allegation of negligence, General Statutes § 52-572h was not applicable.

General Statutes § 30-102 created a new cause of action not available at common law. *Pierce* v. *Albanese,* 144 Conn. 241, 249, 129 A.2d 606, appeal dismissed, 355 U.S. 15, 78 S. Ct. 36, 2 L. Ed. 2d 21 (1957). "The delict defined by § 30-102 is not the sale of liquor to create a condition of intoxication. It is rather the sale of liquor to one who is already intoxicated. No causal relation between the sale and the injury is required." *Sanders* v. *Officers Club of Connecticut, Inc.,* 196 Conn. 341, 348–49, 493 A.2d 184 (1985). Our Supreme Court has held that contributory negligence is not a defense in an action pursuant to § 30-102. *Sanders* v. *Officers Club of Connecticut, Inc.,* supra, 352.

The second action alleged that the defendants were reckless by dispensing intoxicating liquor to Grady. The trial court struck the defendants' special defense of contributory negligence to this complaint also. An action that alleges the sale of intoxicating liquors in a "wanton and reckless manner" was recognized and allowed by our Supreme Court in *Kowal* v. *Hofher,* 181 Conn. 355, 436 A.2d 1 (1980). The terms wanton and reckless in practice mean the same thing. *Dubay* v. *Irish,*

207 Conn. 518, 533, 542 A.2d 711 (1988). Both terms refer to " 'highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent.' . . ." Id., quoting W. Prosser & W. Keeton, Torts (5th Ed.) § 34, p. 214. A cause of action claiming wanton and reckless misconduct is "separate and distinct" from a cause of action alleging negligence. *Kostiuk* v. *Queally,* 159 Conn. 91, 94, 267 A.2d 452 (1970). At common law, contributory negligence was not a defense to a cause of action alleging wanton and reckless misconduct. Id., 93; *Decker* v. *Roberts,* 125 Conn. 150, 157, 3 A.2d 855 (1939).

General Statutes § 52-572h specifically applies to negligence actions. For example, § 52-572h (b) provides: "In causes of action based on negligence, contributory negligence shall not bar recovery . . . ." Another section of the statute refers to a "negligence action" when determining the proportionate share of damages. General Statutes § 52-572h (c). The statute further states that it applies to "all parties whose negligent actions were a proximate cause of the injury . . . ." General Statutes § 52-572h (d). When the language of a statute is clear, a court "must interpret the statute as written." *Ganim* v. *Roberts,* 204 Conn. 760, 763, 529 A.2d 194 (1987). Thus, according to its plain language, § 52-572h applies only to negligence actions.

There is no cause of action "in negligence against one who furnished . . . intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another." *Kowal* v. *Hofher,* supra, 357. Because this cause of action is not based on negligence, the principles of comparative negligence of § 52-572h are not applicable to limit the plaintiff's recovery in this case. In the present case, the defendants were not entitled to raise the defense

of contributory negligence by the plaintiff to the cause of action alleging wanton and reckless misconduct. Thus, the trial court properly struck the special defense of contributory negligence raised by the defendants.

## II

The defendants' second claim concerns the trial court's failure to admit evidence of a settlement agreement between the plaintiff and Grady. Grady testified on behalf of the plaintiff. During cross-examination, the defendants wanted to use evidence of this settlement agreement to show that Grady was biased. The defendants argue that the plaintiff's causes of action are really negligence actions that should be controlled by § 52-572h. According to the defendants' argument, § 52-572h would allow the admission of the settlement agreement in this case to enable the factfinders properly to apportion liability by having full knowledge of all potential tortfeasors. We find no merit to the defendants' argument.

As noted above, § 52-572h is not applicable to this case because neither cause of action involves a claim of negligence by the defendants. General Statutes § 52-216a prohibits the introduction of evidence about a settlement agreement or a release of a claim by any party during a jury trial. A settlement agreement is not admissible for any purpose in a jury trial. General Statutes § 52-216a. The purpose of this statute is to "ensure that jury verdicts would not be influenced by the knowledge of a partial settlement." *Civiello* v. *Owens-Corning Fiberglass Corporation,* 208 Conn. 82, 93, 544 A.2d 158 (1988).

Section 52-216a provides for the proper apportionment of damages through a court order of either additur or remittitur. The trial court, not the jury, is responsible for ensuring that a party is not unjustly enriched. In the present case, the court properly

applied § 52-216a and reduced the plaintiff's verdict by the amount received from Grady's insurer.

## III

The defendants' third claim involves the trial court's denial of the motion to strike the plaintiff's dram shop complaint filed on the ground of the plaintiff's failure to notify the seller as required by § 30-102. The defendants assert that Cimino did not receive notice as the permittee. Village Pub I, Inc., the corporate owner of the cafe, received proper and timely notice. Cimino was named in the notice to Village Pub I, Inc., but was not referred to as the permittee in that notice. He did not claim that he lacked actual notice of the plaintiff's cause of action. Cimino is the president and sole shareholder of Village Pub I, Inc. Cimino first raised this claim in his motion to dismiss on November 23, 1988, three months after an appearance was entered by defense counsel. The trial court held that Cimino was the alter ego of the corporation, Village Pub I, Inc., which received proper notice.

In order to maintain an action pursuant to § 30-102, the plaintiff must give written notice to the seller of alcohol within sixty days from the date of the injury. The notice requirement of § 30-102 enables a defendant to gather evidence while witnesses' memories are still fresh. *Zucker* v. *Vogt*, 329 F.2d 426, 428 (2d Cir. 1964). Because § 30-102 is remedial in nature, it should be interpreted liberally " 'to suppress the mischief and advance the remedy.' " *Pierce* v. *Albanese*, supra, 251.

The purpose of the notice provision of the dram shop act was satisfied in this case. The plaintiff notified both the corporation and Cimino, the permittee, when it sent the notice to Village Pub I, Inc. Cimino was not hindered from gathering evidence to prepare a defense in this case. The plaintiff did not have to refer specifi-

cally to Cimino as the permittee to bring Cimino within the meaning of seller as required by § 30-102. The plaintiff's failure to refer specifically to Cimino as permittee did not prevent Cimino from being properly notified about the existence of the claim against him. Because the purpose of the notice requirement of § 30-102 was met in this case, the trial court's refusal to strike the plaintiff's complaint was proper.

## IV

The defendants next claim that the court abused its discretion by refusing to strike the plaintiff's substitute complaint. The defendants argue that Grady's payment to the plaintiff constituted full satisfaction of the claim arising from the accident as against all defendants. The defendants characterized this payment by Grady as being full satisfaction for the plaintiff's harm. Thus, according to the defendants, the plaintiff was prohibited from pursuing a claim against these defendants.

"[A]n injured party is entitled to full recovery only once for the harm suffered." *Peck* v. *Jacquemin,* 196 Conn. 53, 70 n.19, 491 A.2d 1043 (1985). The plaintiff would not be entitled to recover damages from these defendants if the payment by Grady constituted full recovery for damages resulting from the accident. "Double recovery is foreclosed by the rule that only one satisfaction may be obtained for a loss that is the subject of two or more judgments." 2 Restatement (Second), Judgments § 49, comment a. Grady's payment to the plaintiff was not a satisfaction of a judgment. Only if the payment were in satisfaction of a judgment in an action in which the measure of the plaintiff's loss was actually litigated would the plaintiff be unable to recover a judgment against these defendants. 2 Restatement (Second), Judgments § 50, comment d. Because Grady's payment was not based on actual liti-

gation of the measure of loss resulting from Belanger's death, the payment did not prevent the plaintiff from recovering from these defendants.

The effect of releases and settlements on a plaintiff's ability to recover against multiple defendants is governed by § 52-216a. "[R]eleases and settlements differ genuinely from satisfied judgments. The former represent a surrender of a cause of action, perhaps for a consideration less than the injury received. The latter, on the other hand, represent full compensation for injuries." *Gionfriddo* v. *Gartenhaus Cafe*, 211 Conn. 67, 74 n.8, 557 A.2d 540 (1989). The plaintiff's agreement to release her claim against Grady for $50,000 did not act as a release against the remaining defendants. See General Statutes § 52-216a. The payment by Grady for release of the plaintiff's claim acted only to decrease the plaintiff's subsequent recovery against the remaining defendants. The court prevented the plaintiff from receiving a double recovery by reducing the verdict against the defendants to take into account the payment by Grady. Therefore, the court's refusal to strike the plaintiff's substitute complaint was proper.

V

The defendants next claim that the court's refusal to admit previous complaints into evidence as admissions by the plaintiff was improper. The defendants argue that the differences between the original and substituted complaints changed the plaintiff's theory of liability and recovery. The following facts are relevant to this claim.

The plaintiff filed her original complaint on October 17, 1988. The original complaint alleged that Grady was visibly intoxicated at approximately 1 a.m. and that Village Pub I, Inc., continued to serve alcohol to him with "full knowledge" of Grady's intention to operate a motor vehicle. The plaintiff sought to modify the origi-

nal complaint with a substitute complaint filed on August 15, 1990. The substitute complaint was withdrawn before the court granted leave to amend the original complaint. The proposed modified complaint sought to change the time from 1 a.m. to 12:30 a.m., to add the word "said" before Grady's name and to change the reference from "full knowledge of Gary Grady's intention to operate an automobile" to "with knowledge of the likelihood of Gary Grady's intention to operate an automobile." On August 23, 1990, with the court's permission, the plaintiff amended her original complaint. The court ruled that this substituted complaint would be the operative complaint. The substituted complaint differed from the original complaint in that it included the time reference of 12:30 a.m., the insertion of the word "said" before Grady's name and the omission of the word "thereafter" from the original complaint. The court read the operative pleadings but did not submit the pleadings to the jury. The defendants' counsel sought to introduce the prior pleadings as inconsistent statements by the plaintiff during the testimony of Cimino. The defendants contend that the previous complaints were evidentiary admissions as to the plaintiff's changing theory of liability and recovery.

"The words and acts of a party-opponent are generally admissible against him under the admission exception." C. Tait & J. LaPlante, Connecticut Evidence (2d Ed.) § 11.5.1. Statements in a withdrawn or substituted complaint may be considered as evidential admissions by a party. See *DiFederico* v. *McNamara,* 181 Conn. 54, 55, 434 A.2d 320 (1980). The change in the substitute complaint from the original complaint was only a minor modification to conform to the evidence offered at trial. The only change related to the approximate time that Grady was served alcohol while being visibly intoxicated.

Even if we assume that these statements should have been admitted as admissions by the plaintiff, the defendants must prove that the error by the trial court was harmful. *Swenson* v. *Sawoska,* 215 Conn. 148, 153, 575 A.2d 206 (1990). The defendants have failed to show that the court's refusal to admit these minor changes in the substituted complaint "would likely affect the result" of this case. *Manning* v. *Michael,* 188 Conn. 607, 611, 452 A.2d 1157 (1982). Even if these minor changes constituted an admission by the plaintiff, they did not change her theory of liability and recovery. In both versions of the complaint, the plaintiff alleged that the defendants acted in a wanton and reckless manner. Thus, the theory of liability and recovery was not affected by the minor changes made in the substituted complaint. On the basis of our review of the record, we conclude that the admission of these changes would not have changed the result in this case. Thus, the defendants have failed to show that the alleged error was harmful.

## VI

The defendants' last claim concerns the court's charge to the jury on the concept of respondeat superior. The defendants argue that the court's failure to charge on respondeat superior as requested was improper. The defendants, in their written request to charge, sought to instruct the jury: "In this case, the plaintiff must prove to the extent you find proven, that the barmaid on the night in question, in serving Gary Grady, was acting in obedience to the express orders or directions of Mr. Cimino. If the barmaid deviated from said express or implied orders the barmaid alone is responsible." The court did not incorporate this specific requested instruction. The court, in its charge on respondeat superior, noted that the employee's disobedience of an employer's order does not amount to a defense for the employer. The court explained that, to

hold the employer liable, the employee must have been acting within her scope of employment in furtherance of the employer's business. The defendants took exception to the court's charge.

It has long been recognized that "[a] master is liable for the wilful torts of his servant committed within the scope of the servant's employment and in furtherance of his master's business." *Pelletier* v. *Bilbiles,* 154 Conn. 544, 547, 227 A.2d 251 (1967). "The doctrine of respondeat superior focuses on the employee's conduct rather than on the employer's knowledge or approval of the acts. If the employee acted with apparent authority in furtherance of employer business, the employer's consent or ratification of the misconduct is irrelevant . . . even an innocent employer must compensate an injured party." *Paine Webber Jackson & Curtis, Inc.* v. *Winters,* 22 Conn. App. 640, 646, 579 A.2d 545, cert. denied, 216 Conn. 820, 581 A.2d 1055 (1990). The doctrine of respondeat superior, which makes the employer liable for actions by an employee, is based on public policy considerations that the employer "shall be held responsible for the acts of those whom he employs, done in and about his business, *even though such acts are directly in conflict with the orders which he has given him on the subject.*" (Emphasis added.) *Stulginski* v. *Cizauskas,* 125 Conn. 293, 296, 5 A.2d 10 (1939). Therefore, the defendants' requested instruction that the employee's failure to follow the employer's orders relieved the employer from liability for the employee's actions was an incorrect statement of law. The trial court properly refused to instruct the jury as requested by the defendants.

The jury instructions correctly explained the meaning of respondeat superior. The instructions emphasized that the jury had to find that the bartender was acting in furtherance of the employer's business and in the course of her employment. The defendants were

entitled to jury instructions that are correct in law, adapted to the issues and sufficient to guide the jury. *Olshefski* v. *Stenner,* 26 Conn. App. 220, 224, 599 A.2d 749 (1991). The court's instructions satisfied this standard.

The judgment is affirmed.

In this opinion the other judges concurred.