[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#145)
The following facts are alleged in the amended complaint, #103. On April 22, 1989, Craig DeVit was operating a motorcycle on Route 66 in Middlefield, Connecticut. The plaintiff's decedent, Robin A. Neils, was a passenger on the motorcycle. The motorcycle crossed the center line of the highway and struck another vehicle. The plaintiff's decedent died as a result of injuries received in the collision.
The co-defendant Red Dog Saloon Cafe, Inc. was at all relevant times a Connecticut corporation with a principal place of business on Route 66 in Middlefield, Connecticut and was the backer of the liquor outlet known as the Red Dog Saloon Cafe ("Red Dog Saloon"). The co-defendant John M. Baulski was the permittee of the Red Dog Saloon. Prior to the collision, Mr. DeVit was a patron of the Red Dog Saloon. Mr. DeVit was sold alcoholic beverages by the Red Dog Saloon, John M. Baulski, their servants, agents or employees on the date of the collision. The collision and the plaintiff's decedent's injuries and death were a result of the intoxication of Mr. DeVit.
The plaintiff, Susan L. Neils, has been appointed the administratrix of the estate of Robin A. Neils by the Probate Court for the District of Middletown. The plaintiff is seeking to recover damages from the defendants pursuant to the Dram Shop Act, General Statutes Sec. 30-102,[1]
for the injuries and loss of life incurred by the plaintiff's decedent.
The defendants now move for summary judgment. The pleadings are closed. The parties have submitted memorandum of law and the defendants have appended appropriate documentation to their memorandum. The plaintiff has not CT Page 7065 appended any documentation to her memorandum.
 "`Practice Book Sec. 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."'" Gurliacci v. Mayer, 218 Conn. 531, 561-62, 590 A.2d 914, (1991).
Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388 (1991). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990) (citations omitted). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id., 246-47 (citations omitted). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442,445, 476 A.2d 582 (1984) (citation omitted).
The defendants have interposed the special defense that the plaintiff is barred from pursuing this action because the plaintiff has fully recovered for the harm suffered by the plaintiff's decedent by virtue of the satisfaction of an award in an arbitration proceeding against Mr. DeVit's uninsured motorist insurance carrier, Nationwide Insurance company. In denying the plaintiff's motion to strike this special defense, the court, Arena, J., stated that:
 "`An injured party is entitled to full recovery only once for the harm suffered.'" Hammond v. Waterbury, 219 Conn. 569, 577 [594 A.2d 939] (1991) (citation omitted). "For a recovery from a second tortfeasor to be barred, however, it must be shown that the injured party has received a full recovery." Id. (Emphasis in original).
 It is decided that pursuant to Corey v. Avco-Lycoming Division, 163 Conn. 309
[307 A.2d 155] (1972), cert. denied, 409 U.S. 1116 [93 S.Ct. 903, 34 L.Ed.2d 699] CT Page 7066 (1973), any findings made by the arbitrators with respect to issues that are identical to issues in the instant action are entitled to preclusive effect. The arbitrators' finding with respect to the plaintiff's damages as a result of the accident that is the subject of the present case is entitled to preclusive effect. Pursuant to Hammond v. Waterbury, [supra], if the plaintiff has already recovered in full from a joint tortfeasor, as alleged by the defendants in their third special defense, the plaintiff is barred from seeking additional recovery from the defendant by way of this action.
(See Memorandum of Decision, #134, pp. 4-5.)
The recent case of Belanger v. Village Pub I, Inc., 26 Conn. App. 509, 603 A.2d 1173 (1992), presents a factually similar set of circumstances. In Belanger, supra, the plaintiff's decedent was involved in an automobile accident with a drunken driver named Grady. Belanger, supra, 511. The plaintiff agreed to release her claim against Grady for the sum of $50,000.00. Id., 517. The plaintiff brought, inter alia, a Dram Shop action against the permittee and corporate owner of a bar which the plaintiff alleged had served Grady alcoholic beverages while Grady was in an intoxicated state immediately prior to the accident which caused the plaintiff's decedent's death. If., 511-12. The defendants moved to strike the plaintiff's complaint on the ground that the settlement of the plaintiff's claim against Grady constituted full recovery for damages resulting from the accident. Id., 516.
The Belanger court upheld the trial court's denial of the motion to strike, stating:
 "[A]n injured party is entitled to full recovery only once for the harm suffered." Peck v. Jacquemin, 196 Conn. 53, 70 n. 19, 499 A.2d 1043 (1985). The plaintiff would not be entitled to recover damages from these defendants if the payment by Grady constituted full recovery for damages resulting from the accident. "Double recovery is foreclosed by the rule that only one satisfaction may be obtained for a loss that is the CT Page 7067 subject of two or more judgments." 2 Restatement (Second), Judgments Sec. 49, comment a. Grady's payment to the plaintiff was not a satisfaction of a judgment. Only if the payment were in satisfaction of a judgment in an action in which the measure of the plaintiff's loss was actually litigated would the plaintiff be unable to recover a judgment against these defendants. 2 Restatement (Second), Judgments Sec. 50, comment d. Because Grady's payment has not based on actual litigation of the measure of the loss resulting from [the plaintiff's decedent's] death, the payment did not prevent the plaintiff from recovering from these defendants.
 The effect of releases and settlements on a plaintiff's ability to recover against multiple defendants is governed by General Statutes Sec. 52-216a. "[R]eleases and settlements differ genuinely from satisfied judgments. The former represent a surrender of a cause of action, perhaps for a consideration less than the injury received. The latter, on the other hand, represent full compensation for injuries. Gionfriddo v. Gartenhaus Cafe, 211 Conn. 67, 74 n. 8, 557 A.2d 540 (1989).
Id., 516-17; see also Gionfriddo v. Gartenhaus Cafe, supra (satisfaction of judgment in action against intoxicated driver precludes subsequent action based on the Dram Shop
Act and on theory of reckless or wanton conduct against bar serving intoxicated driver alcoholic beverages immediately prior to collision causing the subject injuries).
The defendants have appended to their memorandum of law the award of the arbitrators, which indicates that Mr. DeVit's insurance carrier became obligated to pay $750,000.00 and that this amount was under the policy limits, and the satisfaction of that award. (See Defendants' Memorandum, #145.50, Arbitration Award; Satisfaction of Arbitration Award.)
The plaintiff argues that the findings of the arbitrators regarding the liability of Mr. DeVit are not CT Page 7068 inconsistent with the plaintiff's burden under the Dram Shop Act. The plaintiff further argues that although the defendants may be due credit on the issue of damages, the issue of liability under the Dram Shop Act is not foreclosed by the arbitration proceedings.
The satisfaction of the arbitration award constitutes a "satisfaction of a judgment in an action in which the measure of the plaintiffs' loss was actually litigated." Accordingly, the plaintiff is unable to recover a judgment against the defendants because the satisfaction of the arbitration award is full compensation for the injuries suffered by the plaintiff's decedent.
The court herein grants the defendants' motion for summary judgment because the defendants have met their burden of proving that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law.
It is so ordered that judgment herein is entered in favor of the defendants.
HIGGINS, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk