[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants move to strike the third count of plaintiff's second revised complaint on the ground that the plaintiff has alleged insufficient facts to support a claim of reckless conduct.
On November 20, 1992 the plaintiff, Miguel Santiago, filed a five count second revised complaint against the defendants, John Drolet, Ismael Molina, and Maritza Molina. In the first count, directed at defendant John Drolet, the plaintiff alleges that he was a passenger in an automobile owned by defendant Maritza Molina and operated by defendant Ismael Molina, and that this automobile was following an automobile owned and operated by defendant Drolet. Plaintiff alleges that defendant Drolet's automobile turned into the path of an automobile driven by a non-party to this action, and collided with the non-party's automobile. Plaintiff alleges that the Molinas' automobile then collided with Drolet's automobile. The plaintiff alleges that he suffered personal injuries in the collision, and that these injuries were caused by defendant Drolet's negligence.
In the second count, the plaintiff reiterates the allegations of the first count which describe the circumstances of the collision, and the plaintiff alleges that defendant Ismael Molina was negligent in that he CT Page 5146 failed to maintain a reasonable distance between his automobile and defendant Drolet's automobile; in that he operated his vehicle recklessly in violation of General Statutes 14-222; in that he failed to maintain a proper lookout for other automobiles; in that he failed to control his automobile; and in that he failed to evade the collision.
In the third count, the plaintiff reiterates the allegations of the second count, and adds the following allegation:
 The defendant Ismael Molina deliberately or with reckless disregard operated his motor vehicle in violation of C.G.S. 14-240 and 14-222, and said violations each constituted a substantial factor in causing the Plaintiff's personal injuries and losses herein complained of, and the Plaintiff is thereby entitled to double or treble damages pursuant to [General Statutes] 14-295.
In the fourth and fifth counts, the plaintiff alleges that defendant Maritza Molina is vicariously liable for defendant Ismael Molina's negligence, pursuant to the theory of agency and the family car doctrine, respectively.
On November 27, 1992 defendants Ismael Molina and Maritza Molina[1] filed a motion to strike the third count of the second revised complaint on the ground that the plaintiff has not alleged sufficient facts to support a claim of reckless conduct. Defendants' motion was accompanied by a supporting memorandum of law. The plaintiff filed a memorandum of law in opposition to the motion to strike on December 8, 1992.
The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). The motion to strike admits all facts well pleaded. Id. It does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Blancato v. Feldspar Corp., 203 Conn. 34, 37, 522 A.2d 1235
(1987). The court must construe the facts alleged in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, CT Page 5147 278, 550 A.2d 1073 (1988). In passing upon a motion to strike, the trial court should only consider the grounds specified by the moving party; Blancato v. Feldspar Corp., supra, 44; Morris v. Hartford Courant Co., 200 Conn. 676,682, 513 A.2d 66 (1986); and only the facts alleged in the challenged pleadings. Ring v. Board of Education,195 Conn. 90, 93, 486 A.2d 1111 (1985).
Defendants Ismael Molina and Maritza Molina argue that the third count of the plaintiff's second revised complaint fails to allege sufficient facts to support a claim of reckless conduct, because this count merely restates the allegations of negligence of the second count along with the allegation, quoted above, that defendant Ismael Molina deliberately or recklessly operated his automobile in violation of General Statutes 14-240 and14-222. These defendants argue that this allegation is a conclusory declaration that defendant Ismael Molina recklessly violated 14-240 and 14-222, since no specific facts are alleged in order to support the plaintiff's allegation.
The plaintiff argues that pleading the term "reckless" in order to invoke the multiple damages provision of General Statutes 14-295 does not alter the claim alleged in the third count from negligence to recklessness. Plaintiff argues that multiple damages pursuant to General Statutes 14-295 may be claimed in a negligence count. "In any civil action to recover damages resulting from personal injury. . .the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section. . .14-222. . . ." General Statutes14-295. General Statutes 14-222(a) provides in pertinent part: "No person shall operate any motor vehicle upon any public highway. . .or any road. . .recklessly, having regard to the width, traffic and use of such highway [or] road, . . .the intersection of streets and the weather conditions."
The plain language of General Statutes 14-222 and14-295 applies to reckless misconduct, rather than negligence.
"A cause of action claiming wanton and reckless CT Page 5148 misconduct is `separate and distinct' from a cause of action alleging negligence." Belanger v. Village Pub I, Inc., 26 Conn. App. 509, 513, 603 A.2d 1173 (1992), citing Kostiuk v. Queally, 159 Conn. 91, 94 267 A.2d 452 (1970).
 There is a wide difference between negligence and reckless or wanton misconduct. "`Recklessness is a state of consciousness with reference to the consequences of one's acts. It "requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man," and the actor "must recognize that his conduct involves a risk substantially greater. . .than that which is necessary to make his conduct negligent." It is "more than negligence, more than gross negligence."'"
(Citations omitted.) Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 45, 492 A.2d 219 (1985).
In Felbert v. Mazzella Wire Rope and Supply Co.,1 Conn. L. Rptr. 331 (March 5, 1990, Spada J.), the court granted the defendant's motion to strike a count alleging deliberate and reckless disregard, because the plaintiff alleged that his injuries were caused by the defendant's "carelessness." Id. 332. The court in Felber reasoned: "Possibly inadvertently, the plaintiff alleges. . .that the proximate cause of her injuries resulted from the defendant's carelessness. The selection of a negligence noun to establish proximate cause in a reckless misconduct count requires this court to grant the defendant's motion to strike." Id., 332.
In the present case, the plaintiff's third count reiterates the allegations of the second count, which alleges that the collision and the resulting personal injuries were caused by defendant Ismael Molina's negligence. Accordingly, we find that the third count of plaintiff's second amended revised complaint does not state a cause of action for reckless or wanton misconduct. The motion to strike is granted. CT Page 5149
Mary R. Hennessey, Judge