[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves personal injuries sustained by the plaintiff, James H. Eldredge, while an employee of the defendant Free N Easy, Inc. CT Page 7251 (Free N Easy), doing business as Chuck's Steak House, a restaurant in Darien, when the plaintiff entered a large dishwasher located in the kitchen and sustained serious injuries. According to the complaint, the plaintiff, who was a minor, terminated his work for the day at approximately 11:15 p.m. on September 9, 1990, and as an invitee, was served alcoholic beverages by the defendants Daniel Adams and Joseph Russo, who were managers of the restaurant.
The plaintiff filed a six count amended complaint. The first count alleges that the defendant Free N Easy was negligent in that it breached the standard of care owed to a social invitee in violation of General Statutes 52-557a,[1] failed to use reasonable care to aid and protect the plaintiff, and, as a result, the plaintiff suffered physical and emotional injuries and incurred medical expenses and lost earnings. Counts two and three reassert the claims of negligence contained in count one against defendants Adams and Russo, respectively. Count four, in addition to the negligence allegations set forth in the first count, alleges that the plaintiff, as a result of being served intoxicating beverages by the defendant Free N Easy, in violation of General Statutes 30-86,[2] was incapacitated and unable to care for his own safety or well-being. This count further alleges that the plaintiff was placed in a dishwasher, the hot water was activated and engaged and that he was left in the dishwasher for a period of time. The fifth and sixth counts reiterate the claims of negligence contained in the fourth count and are directed against defendants Adams and Russo, respectively.
Free N Easy has filed an answer to the first and fourth counts, which are specifically directed to this defendant, including three special defenses. The special defenses contend that: (1) the alleged injuries and damages to the plaintiff were caused by plaintiff's own carelessness and negligence when he voluntarily entered the dishwasher; (2) he voluntarily undertook to drink intoxicating beverages and therefore became incapacitated; and (3) plaintiff's claim is barred by the Workers' Compensation Act, General Statutes 31-275 et seq.
Free N Easy has moved for summary judgment (#124) on counts one and four on the grounds that there exist no genuine issues of material fact because the activities of defendants Russo and Adams and plaintiff Eldredge were outside the scope of their employment, and also that the defendant corporation cannot be held liable or responsible for such acts. Pursuant to Practice Book 384, summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991). The criteria CT Page 7252 for the granting of a summary judgment were also set forth by the Appellate Court in Cummings Lockwood v. Gray, 26 Conn. App. 293, 296-97,600 A.2d 1040 (1991): (1) such a judgment may be granted if there is no genuine issue as to any material fact; (2) a material fact is one that will make a difference in the outcome of the case; (3) the moving party has the burden of proving the nonexistence of any material fact; (4) the evidence must be viewed in the light most favorable to the nonmoving party; and (5) the test is whether the moving party would be entitled to a directed verdict on the same facts.
In support of its motion for summary judgment, the defendant has filed the affidavit of Tim Fisher, owner of Chuck's Steak House. The affidavit makes the following points: (1) on September 9, 1990, Adams and Russo were employed by Free N Easy, d/b/a Chuck's Steak House, as managers, and were responsible for the operation of the restaurant and supervision of the employees; (2) it was against corporate policy to serve alcoholic beverages to underage individuals and an employee of legal drinking age could only be served when off duty with the exception of waiters, and waiters could be served alcohol only if their customers were no longer in the restaurant; and (3) the serving of alcoholic beverages to the plaintiff and placing the plaintiff inside the dishwasher and turning it on was outside of the scope of employment of defendants Adams and Russo, and did not further the operation of the restaurant's business.
Defendant Free N Easy further contends in support of its motion for summary judgment that the plaintiff Eldredge was off duty when he was served alcohol by defendants Adams and Russo, the restaurant did not sell the plaintiff the alcohol he consumed, and it was against the restaurant's corporate policy to serve an underage person. According to the defendant, the conduct of defendants Adams and Russo was not within the scope of their employment or in furtherance of the restaurant's business. Therefore, this defendant claims that it cannot be held liable for the alleged conduct of Adams and Russo in serving the minor plaintiff or their conduct in helping the plaintiff enter the dishwasher.
In opposition to the defendant's motion for summary judgment, the plaintiff submitted his own affidavit in which he stated that on September 9, 1990, after his employment for the day terminated at 11:15 p.m., the defendants Adams and Russo served intoxicating beverages to him and others. As a result he became incapacitated and unable to care for his own well-being, and suffered severe burns when he was encouraged and helped to enter the dishwasher, and the hot water was engaged. The plaintiff contends that since the duties and responsibilities of Adams and Russo remained from the time they signed in until they closed and locked the restaurant doors for the night,[3] they were still in the employ of the defendant CT Page 7253 restaurant when the plaintiff was incapacitated and injured. Based on the fact that the complaint sounds in negligence and that the defendants Adams and Russo were employees of the defendant restaurant, the plaintiff asserts that there are genuine issues of material fact, and that summary judgment should be denied.
It is not disputed by any party that Adams and Russo served intoxicating beverages to the plaintiff, and helped and encouraged him to enter the dishwasher and that the plaintiff was injured when the hot water was engaged. It is also clear that Adams and Russo remained in the employ of the defendant, Free N Easy, until they closed and locked the restaurant at night, and, therefore, were employed when the plaintiff was served alcoholic beverages and injured. The issue is whether the defendant, Free N Easy, is vicariously liable for the acts of the defendants Adams and Russo.
Under the doctrine of respondeat superior, employers are held vicariously liable for torts of their employees when such torts are committed by employees acting within the scope of their employment. "It has been said that the servant's conduct is within the scope of his employment if it is of the kind which he is employed to perform, occurs substantially within the authorized limits of time and space, and is actuated, at least in part, by a purpose to serve the master." Prosser and Keeton on Torts, Fifth Edition, p. 502 (1984). "In the course of his employment means while engaged in the service of the master, and it is not synonymous with the phrase during the period covered by his employment." Brown v. Housing Authority, 23 Conn. App. 624, 628, 583 A.2d 643 (1990), citing Levitz v. Jewish Home for the Aged, Inc., 156 Conn. 193, 198, 239 A.2d 490 (1968).
Furthermore, under the doctrine of respondeat superior, the focus is on the employee's conduct rather than the employer's knowledge or approval of the acts. Belanger v. Village Pub I, Inc., 26 Conn. App. 509, 520,603 A.2d 1173 (1992). "If the employee acted with apparent authority in furtherance of employer business, the employer's consent or ratification of the misconduct is irrelevant . . . ." Id. The fact than an employee disobeyed the orders of an employer is never a sufficient defense because if such disobedience, which is easily proved, were to exonerate the employer, it would virtually do away with the respondeat superior rule. Son v. Hartford Ice Cream Co., 102 Conn. 696, 700-01, 129 A. 778 (1925). "That the servant disobeys the orders of the master is never a sufficient defense. It must be shown further that he ceased to act for the master and in the course of his employment." Id., 701.
An additional axiom of the respondeat superior doctrine is that: ". . . it must be the affairs of the principal, and not solely the affairs of the CT Page 7254 agent, which are being furthered in order for the doctrine [of respondeat superior] to apply." A-G Foods, Inc. v. Pepperidge Farm, Inc.,216 Conn. 200, 208, 579 A.2d 69 (1990), citing Mitchell v. Resto,157 Conn. 258, 262, 253 A.2d 25 (1968); Wells v. Walker Bank Trust Co., Inc., 590 P.2d 1261, 1264 (Utah 1979) (if an employee's actions are not authorized by his employer and he is acting for his own interests and not in furtherance of his employer's business, employer cannot be held vicariously liable for employee's actions.) A-G Foods, Inc. supra, 207, also pointed out that: "[o]rdinarily, it is a question of fact as to whether a wilful tort of the servant has occurred within the scope of the servant's employment and was done to further his master's business. . . . But there are occasional cases where a servant's digression from duty is so clear-cut that the disposition of the case becomes a matter of law." (Internal citations and quotation marks omitted.)
Encouraging or helping the plaintiff enter the dishwasher in Free N Easy's restaurant's kitchen is a clear cut digression by Adams and Russo from duty and not within the scope of their employment. On the other hand, although it was against corporate policy as well as the law to serve alcoholic drinks to minors, the fact that the defendants, Adams and Russo, served alcohol to the plaintiff would not necessarily relieve the defendant Free N Easy of liability. "[The employer] shall be held responsible for the acts of those whom he employs, done in and about his business, even though such acts are directly in conflict with the orders which he has given him on the subject." Belanger v. Village Pub I, Inc., 26 Conn. App. 509, 520,603 A.2d 1173 (1992). An issue of fact exists concerning whether Adams and Russo were acting within the scope of their employment when they served alcohol to the plaintiff, since it was within the scope of their employment to serve alcohol to customers. Furthermore, it is a question of fact whether the defendant Free N Easy knew or should have known that their employees, including a minor, were being served alcoholic beverages when off duty. It may be determined by the trier of fact that permitting employees to drink after the restaurant is closed actually furthers the employer's business, for example, by enhancing employee camaraderie.
Furthermore, summary judgment in a negligence action is generally contraindicated. "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194, 199,319 A.2d 403 (1972). Since there are genuine issues of material fact concerning the scope of employment, and the complaint is based in negligence, defendant Free N Easy's motion for summary judgment is denied.
So Ordered. CT Page 7255
Dated at Stamford, Connecticut, this 13th day of August, 1993.
LEWIS, JUDGE