[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT NORMA ALBEE'S MOTION TO STRIKE THE SECOND COUNT OF PLAINTIFF'S REVISED COMPLAINT
The defendant, Norma Albee, has moved to strike the second count of the plaintiff's revised complaint on the ground that it fails to state specific allegations of conduct sufficient to support a, cause of action sounding in reckless misconduct.
FACTUAL BACKGROUND
The plaintiff, James Jones, filed a revised complaint dated August 7, 1993, against the defendant, Norma Albee, alleging negligence and carelessness in the first count and recklessness in the second count. The plaintiff alleges that the defendant violated several vehicular statutes and caused a collision that severely injured the plaintiff. The plaintiff alleges that on December 22, 1992, while operating his vehicle eastbound on Boston Post Road in Guilford, Connecticut, the defendant, traveling westbound, lost control of her vehicle and swerved into his vehicle, causing personal injuries and property damage. On August 12, 1993, the defendant filed a motion to strike the second count of the plaintiff's revised complaint and an accompanying memorandum of law in support of the motion. On August 30, 1993, the plaintiff filed a memorandum of law in opposition to the plaintiff's motion to strike.
Oral argument on the defendant's motion was heard at short calendar on September 20, 1993. CT Page 9451
LEGAL DISCUSSION
A motion to strike is designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action. Pratt v. Town of Old Saybrook, 225 Conn. 177, 185, 621 A.2d 1322
(1993). "in ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). A court may not seek beyond the complaint for facts not alleged or necessarily implied. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. at 496.
The defendant argues that the second count of the plaintiff's revised complaint is legally insufficient because it fails to allege new facts which support a claim of reckless misconduct. Although the second count of the plaintiff's revised complaint attempts to assert an action in reckless misconduct, it merely incorporates by reference identical facts alleged in the first count to support the claim in negligence. The plaintiff argues that the second count of the revised complaint alleges sufficient facts to give rise to a valid cause of action against the defendant for reckless misconduct. The plaintiff relies upon its citation to the reckless driving statute, Connecticut General Statutes 14-222, in the second count.
A cause of action claiming wanton and reckless misconduct is separate and distinct from a cause of action alleging negligence. Belanger v. Village Pub I, Inc., 26 Conn. App. 509, 513,603 A.2d 1173 (1992); Warner v. Leslie-Elliott Constructors, Inc.,194 Conn. 129, 138, 479 A.2d 231 (1984). "There is a substantial difference between negligence and wilful or malicious conduct, and a complaint should employ language explicit enough to inform the court and opposing counsel clearly that wilful or malicious conduct is being asserted." Warner v. Leslie-Elliott Constructors, Inc., supra, at 237; see Dumond v. Denehy, 145 Conn. 88, 90, 139 A.2d 58 (1958).
While the Connecticut Supreme Court has attempted to draw definitional distinctions between the terms wilful, wanton or reckless, in practice the three terms have been treated as meaning the same thing. West Haven v. Hartford Ins. Co., 221 Conn. 149,161 n. 3, 602 A.2d 988 (1992). The terms refer to highly CT Page 9452 unreasonable conduct involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. Belanger v. Village Pub I, Inc., supra at 513.
To state a cause of action for wilful conduct, the plaintiff must clearly plead that the harm was caused by the wilful or malicious conduct of the defendants. Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525, 537, 546 A.2d 216 (1988). "Where one count of a complaint sounds in negligence and another count attempts to state a cause of action for recklessness by relying on the same fact pattern as the negligence count and simply referring to such conduct as reckless, a cause of action for recklessness has not been sufficiently alleged." Anderson v. Ansaldi, 8 Conn. L. Rptr. 242 (January 22, 1993, Berger, J.). In the present case, the plaintiff relies on the same fact pattern employed to assert a claim in negligence and thus has not sufficiently alleged a cause of action for reckless misconduct.
A change in characterization of acts previously described as negligent to that indicative of wilful and wanton misconduct will not establish a cause of action sounding in recklessness. Brown v. Branford, 12 Conn. App. 106, 110, 529 A.2d 743 (1987). Because the plaintiff in Brown alleged no new facts that changed the nature of the alleged misconduct, the court held that "[i]n the absence of such additional factual allegations, . . . we construe the plaintiff's . . . count as sounding in negligence." Id. at 110. The plaintiff in the present case has failed to allege additional facts sufficient to support a recklessness claim. Absent specific facts in the second count supporting an allegation of reckless misconduct, this court construes the second count as sounding in negligence. Warner v. Leslie-Elliott Constructors, Inc., supra at 138; Dumond v. Denehy, supra at 91.
The second count of the revised complaint states "[d]efendant operated her vehicle . . . in breach of Section 14-222 of the Connecticut General Statutes." All other specified acts in the second count refer only to negligence. This brief reference to recklessness, contained within a count which otherwise is clearly limited to ordinary negligence, is not sufficient to raise a claim of reckless misconduct. Kostiuk v. Queally, 159 Conn. 91, 94,267 A.2d 452 (1970). Thus, the plaintiff has not alleged facts sufficient to state a cause of action for reckless misconduct and the defendant's motion to strike the second count of the revised complaint must be granted. CT Page 9453
CONCLUSION
Based on the foregoing, the defendant's motion to strike the second count of the plaintiff's revised complaint dated August ?, 1993, is granted.
So ordered.
Michael Hartmere, Judge