[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE FROM JURY LIST
The plaintiff commenced this action in 1987 against the defendant CIGNA Insurance Company in four counts, the first count sounding in bad faith, the second count sounding in breach of contract, the third count for violation of the Connecticut Unfair Insurance Practices Act (CUIPA), and the fourth count for violation of the Connecticut Unfair Trade Practices Act (CUTPA). On June 23, 1989 the defendant filed an answer and special defenses to the complaint. Thereafter the matter was claimed to a court trial, scheduled to commence on October 25, 1994.
In June of 1994 the defendant moved to amend its special defenses in order to include two new defenses. The motion was granted in September 1994. These new defenses are as follows:
Fourth Special Defense
1a. Pursuant to the insuring agreement, the insurance available through the defendant was excess insurance over that provided to the plaintiff by the American Home Insurance Company.
2. American Home Insurance Company paid the plaintiff $1,800,000.00 for the injuries and losses which resulted from its failure to defend and indemnify the plaintiff in the lawsuit captioned Roger Dunham v. Carl Dunham.
3. Accordingly, plaintiff's claims against Cigna are barred and/or reduced to the extent that he has already recovered his damages from American Home Insurance.
Fifth Special Defense
 The plaintiff's claims against Cigna are barred and/or reduced as a result of his failure to mitigate his damages.
After receiving the two new special defenses, the plaintiff filed a claim for the jury list. He claims that the two special defenses raise new issues of fact which he should be allowed to present to a jury under Article 1, CT Page 11093 § 19 of the Connecticut Constitution and Connecticut General Statutes § 52-215. Defendant moves to strike the case from the Jury docket, claiming that the special defenses raise no new issues of fact which should be tried to a jury. The court believes that this case should be stricken from the jury list.
The fourth special defense raises an issue which is not properly tried to a jury. It seeks to limit the amount of damages available to the plaintiff because he has already been compensated for his loss by a settlement with American Home Insurance Company. That issue should be decided by the Court and not by a Jury. Peck v. Jacquemin,196 Conn. 53, Belanger v. Village Pub I, Inc., 26 Conn. App. 509; General Statutes § 52-216a.
With respect to Cigna's Fifth Special Defense, a defendant is not specifically required to plead the failure to mitigate damages. The court finds that no new facts will be required in order to prove the failure to mitigate damages, whether they are raised under a general denial or whether they are raised by way of special defense.
Accordingly, the motion to strike from the jury docket is granted.
Frances Allen State Judge Referee