[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 19, 1995
On December 16, 1993, the plaintiff, Timothy Barry, filed a four-count complaint seeking damages arising out of an alleged attack upon his person by a visitor to the Young Men's Christian Association of Metropolitan Hartford, Inc. (YMCA).
On January 27, 1994, the defendants filed a motion to strike the plaintiff's complaint on the ground of nonjoinder, in that the defendants failed to join Bryan Lee Green aka Bruce Green (Green), the alleged tortfeasor, as a party to the action. In their motion, the defendants contended that Green was a necessary party "since Connecticut has recognized comparative fault or apportionment of fault as to tortfeasors." On July 7, 1994, the court (Allen, S.T.R.), denied the defendants motion on the ground that Connecticut General Statutes § 52-572(h) only applies to negligence actions.
Thereafter, on November 14, 1994, the defendants filed a motion to add Green as a defendant pursuant to General Statutes § 52-102.
General Statutes § 52-102 provides:
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made CT Page 886 a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy.
The thrust of the defendants argument as set forth in their supporting memorandum is that "Green is a person necessary for a complete determination of the question as to whom (sic) is responsible for the injuries caused to the plaintiff from the stab wounds inflicted by Green." The defendants rely on Biro v. Hill,214 Conn. 1, 6-7, n. 7-8, 570 A.2d 182 (1990), for the proposition that the "Connecticut Supreme Court in principle has already concluded that Green is a necessary party."
The plaintiff counters in his opposition memorandum that (1) the issue of whether Green is a necessary party is not properly before the court because State Trial Referee Allen's prior decision is the "law of the case," and (2) Green cannot be considered a "necessary party" for purposes of this action because Connecticut's apportionment statute, § 52-572h, only applies to negligent parties and not to the intentional actions of Green.
"The law of the case . . . is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked." (Citation omitted.).Daley v. Hartford, 215 Conn. 14, 29,574 A.2d 194 (1990). "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." Breen v. Phelps, 186 Conn. 86,99, 439 A.2d 1066 (1982). New pleadings that are intended to raise again a question of law that has been already presented on the record and determined adversely to the pleader are not to be favored. Id. Furthermore, "[a] judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge." Id.
CT Page 887
The record in the present case demonstrates that another judge previously decided the issue of whether Green could be considered a necessary party to this action. State Trial Referee Allen's prior decision is the "law of the case."
Even if this court chose not to follow the doctrine of law of the case, the defendants' motion is denied because Green cannot be considered a "necessary party" for apportionment purposes.
The defendant has stated in his motion to add that "[t]he court should add Green as a defendant so that apportionment can take place" is a claim for apportionment. "Section 52-572h was enacted as part of the Connecticut Tort Reform Act, No. 86-338 of the 1986 Public Acts, and amended by Connecticut Tort Reform II, No. 87-227 of the 1987 Public Acts." EdwardGellenbeck, Administrator of the Estate of DianeGellenbeck v. Laz Parking et al, 10 Conn. L. Rptr. 636
(Aurigemma, J.).
General Statutes § 52-572h(c) provides, in part, that:
 in a negligence action to recover from damages resulting from . . . wrongful death . . ., if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable damages.
"[A]ccording to its plain language, § 52-572h applies only to negligence actions." Belanger v. Village Pub I,Inc., 26 Conn. App. 509, 513, 603 A.2d 1173 (1992). Since apportionment of liability only applies to negligence actions, it does not apply to the intentional actions of Green. See, e.g., Edward Gellenbeck, Administratorof the Estate of Diane Gellenbeck v. Laz Parking,Ltd. et al, supra (in an action for wrongful death arising out of an assault caused by alleged inadequate security at a parking garage, the defendant is foreclosed from impleading the intentional tortfeasor for apportionment of damages pursuant to § 52-572h); CT Page 888Storti v. Crystal Mall Associates Limited Partnership etal, 9 CONN. L. RPTR. 552 (August 10, 1993) (Teller, J.) (in an action based on negligent security at a shopping mall, the defendant owners, operators and controllers of the shopping center parking lot cannot seek apportionment with respect to the intentional actions of the parties that assaulted the plaintiff).
Finally, a reading of Biro v. Hill, supra, reveals that case addressed the question of who constitutes a "necessary party" pursuant to the doctrine of joint and several liability prior to the enactment of the Connecticut Tort Reform Act. Neither the facts nor analysis ofBiro v. Hill can be applied to the present case.
Accordingly, the defendants' motion to add Green as a defendant is denied.