[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Mary Lou Von Tobel, filed a three count complaint against the defendant, the Great Atlantic and Pacific Tea Company, Inc. The complaint sounds in negligence, reckless misconduct and intentional infliction of emotional distress. The plaintiff is seeking damages for injuries arising from a heart CT Page 12160 attack occurring while she was employed by the defendant.
The defendant has filed a motion (#109) to strike the reckless misconduct count of the complaint on the ground that "the same fails to state specific allegations of conduct sufficient to support a cause of action sounding in reckless misconduct."
The plaintiff alleges, in the second count of her complaint, that her supervisors acted recklessly by refusing to allow the plaintiff to leave work, despite her physical condition and her request to leave. The plaintiff also alleges eight other paragraphs of reckless conduct.
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v.Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiff], to determine whether the [plaintiff] has stated a legally sufficient cause of action." Napolentano v. CignaHealthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997).
Reckless misconduct refers "to highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent . . . . A cause of action claiming . . . reckless misconduct is separate and distinct from a cause of action alleging negligence. (Citations omitted; internal quotation marks omitted.) Belanger v. Village Pub I, Inc.,26 Conn. App. 509, 512-13, 603 A.2d 1173 (1992). See also Dubay v.Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988) ("It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action.")
"[R]eckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent."Dubay v. Irish, supra, 207 Conn. 533.
In the present case, examining the allegations in a light most favorable to the non-movant, the plaintiff alleges in her complaint numerous paragraphs of conduct that, if proven true, could be considered by a trier of fact to be "an extreme departure from ordinary care." Specifically, the allegation that the defendant's employees denied the plaintiff's request to leave work when she CT Page 12161 began to feel ill might be found to indicate "a reckless disregard of the just rights or safety" of the plaintiff "or of the consequences of the action."
Therefore, the plaintiff has pleaded sufficient facts to support an allegation of reckless misconduct. The defendant's motion to strike is denied.
So Ordered.
Dated at Stamford, Connecticut, this 13th day of November 1997.
WILLIAM BURKE LEWIS, JUDGE