[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ON MOTION TO STRIKE APPORTIONMENT COMPLAINTS
Facts
This action arises out of an automobile accident which occurred on November 7, 1995, in Manchester. The apportionment plaintiff, the Hartford Insurance Company, by writ summons and complaint dated February 11, 1999, served upon Joseph Beauvais and Beckham Trucking Inc. an apportionment complaint. That complaint alleges that the plaintiffs injuries were caused in whole or in part by the negligence of the apportionment defendants. The apportionment plaintiff seeks an apportionment of liability.
The underlying action in this matter is between the plaintiff, Hirth, and the defendant, Hartford Insurance Company, his own insurer. Mr. Hirth's action is an under insured motorist action.
Discussion
CT Page 12632
The court first notes that on May 24, 1999, Judge Teller denied a motion to strike an apportionment complaint in the action filed by Savin Brothers. The apportionment defendants argue that Judge Teller's action with regard to Savin Brothers is the law of this case. As recently as September 14 of this year, the appellate court has summarized the Connecticut doctrine of law of the case. In Richards vs. Trudeau, 54 Conn. App. 857, 866
the appellate court held:
 "[A] judge is not bound to follow the decisions of another judge made at an earlier stage in the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision."
Exercising the discretion reaffirmed by the appellate court this court declines to follow Judge Teller's ruling. The defendant's right to bring in a third party for apportionment purposes is governed by Conn. Gen. Statutes Section 52-102b which provides the right to bring in apportionment defendants in negligence actions.Belanger v. Village Pub One Inc., 26 Conn. App. 509, 513 (1992). An action to recover uninsured motorists benefits is an action in contract rather than negligence. Dodd v. Middlesex MutualAssurance Co., 242 Conn. 357, 384 (1997). Thus apportionment is not available to a defendant in an uninsured motorist action.Wasserman v. Hartford Casualty Insurance, 198 WL 779535 (Conn. Super 1998); Henry v. Allstate Insurance Co., 1998 WL 13920 (Conn.Super. 1998); Kramer v. Travelers Indemnity Co.,
1997WL614512 (Conn.Super. 1997).
It would serve no purpose for this court to restate the reasoning and authorities set forth in the trial court opinions in Wasserman, Henry and Kramer.
For the reasons set forth therein, the court concludes that notwithstanding the fact that an uninsured or under insured motorist action has many of the elements of a negligence case both in the determination of liability and the measure of damages, it nevertheless is a contract action and not a negligence case. As such, it is this court's opinion that absent a legislative change in Section 52-102b apportionment is not available in an uninsured or under insured motorist case. The apportionment complaint against the apportionment defendants Joseph Beauvais and Beckham Trucking Inc. set forth in counts two CT Page 12633 and three of the apportionment plaintiffs apportionment complaint is stricken. Further, the apportionment complaint against the defendant Janusz Herasiomwicz is stricken.
By,
Kevin E. Booth, J.