[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant in the instant action moves to strike the second count of the plaintiff's complaint. Although the allegations in count two are labeled gross negligence, the parties, in their briefs, treated the allegations as claims of recklessness and wantonness. The specific acts which the plaintiff claims to be reckless are identical to the ones which are alleged to be negligent, except that the plaintiff adds in its recklessness count the allegations that the defendant "failed to report any of the results of the x-rays referenced above, though each such CT Page 1195 x-ray contain positive evidence of a cancerous lesion; and dictated and signed a discharge summary which referred to the presence of this lethal cancerous lesion which required further attention without ever informing his patient, Wilburt Olsen, of this condition . . ."
A cause of action for wanton or reckless misconduct is separate and distinct from a cause of action for negligence. Belanger v.Village Pub One, Inc., 26 Conn. App. 506, 513, 603 A.2d 1173
(1992). Allegations referring to reckless or wanton behavior must refer to conduct which is highly unreasonable and in extreme departure from ordinary care in a situation where a high degree of danger is apparent. "To state a cause of action for willful conduct the plaintiff must clearly plead that the harm was caused by the willful or malicious conduct of the defendant." Jones v.Albee, Superior Court, Judicial District of New Haven at New Haven Docket No. 93-034998 (November 3, 1993, Hartmere, J.)
In this case there is no allegation of reckless or wanton behavior. Reiterating allegations of negligence is insufficient to support a claim for willful and wanton misconduct. Therefore, the defendant's motion to strike the second count of the complaint is granted.
Angela Carol Robinson Judge