[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, by substitute complaint, sets forth this action in two counts. The first count alleges a violation of the Dram Shop Act, General Statutes § 30-102. The second count alleges Wilful, Wanton and Intentional Misconduct in serving alcoholic beverages to an intoxicated person when "they knew or should have known that Michael W. Burr (the alleged intoxicated person) would be driving a motor vehicle when he left Cioppino's Restaurant and Pub and would be likely to cause injury to others." It is alleged that the injuries were sustained when said Burr crossed the center line of the roadway and collided head on with the plaintiffs vehicle.
As to both counts the defendant pleads that the injuries were caused in whole or in part by the plaintiffs own negligence, setting forth five specific acts or omissions by the plaintiff in the operation of her vehicle. (Control, lookout, excessive speed, failure to turn, failure to sound horn). The plaintiff makes the within motion to strike, claiming that contributory negligence is not a defense to a cause of action under the Dram Shop Act, nor is it a defense to a cause of action based upon claims of willful, wanton and/or intentional misconduct.
 A Contributory Negligence as concerns the Dram Shop claim.
CT Page 4143
It is clear that contributory negligence is not a defense to a Dram Shop Act claim. ". . . by the laws of this state, contributory negligence is not a valid defense to a Dram Shop Act suit".Sanders v. Officers Club of Connecticut, Inc., 196 Conn. 341, 352
(1985). See also Belanger v. Village Pub I, Inc.,26 Conn. App. 509, 512 (1992), reiterating the holding of the Sanders court.
 B Contributory negligence as concerns the claims of wilful, wanton and or intentional misconduct.
It is equally clear that contributory negligence is not a defense to these claims as set forth in the second count. "A cause of action claiming wanton and reckless misconduct is `separate and distinct' from a cause of action alleging negligence. At common law, contributory negligence was not a defense to a cause of action alleging wanton and reckless misconduct. Belanger v. Village Pub I Inc., supra, pp. 513, 514, citing Decker v. Roberts, 125 Conn. 150, 157 (1939).
As a final matter the defendant pleads that the injuries were caused in whole or in part by the plaintiffs own negligence. As to the first count plaintiff has the burden of proving that the injures were caused" . . . as a proximate consequence of such intoxication . . ." Saunders v. Officers Club of Connecticut, Inc., supra p. 351. The plaintiff has this burden. She has properly so pleaded in paragraph four of the first count. In paragraph eight of the second count, which count alleges common law wilful, wanton and intentional misconduct, the plaintiff has also properly pleaded proximate cause as concerns the defendant's alleged transgressions.
The defendant has denied both of these allegations of proximate cause. Pleading that the injuries were caused wholly by the plaintiff or by anyone else is nothing more than a denial of the plaintiffs claim of a proximate cause concerning the defendant's trangressions and hence is not a "special defense." See Practice Book § 10-50.
For the reasons set forth herein the motion to strike the By Way of First Special Defense is granted.
L. Paul Sullivan, J. CT Page 4144