FRANK P. GIONFRIDDO, ADMINISTRATOR (ESTATE OF KIM MARIE GIONFRIDDO), ET AL. v. GARTENHAUS CAFE (13503)

PETERS, C. J., SHEA, CALLAHAN, GLASS and COVELLO, Js.

Argued March 7—decision released May 2, 1989

*Edward F. Hennessey,* with whom was *Kathleen C. Stone,* for the appellant (plaintiff).

*Philip J. O'Connor* and *Henry C. Ide,* with whom, on the brief, was *James G. Kelly,* for the appellee (defendant).

PETERS, C. J. The dispositive issue in this appeal, after our grant of certification to appeal from the judgment of the Appellate Court, is whether the plaintiff may recover damages arising out of injuries for which he has already recovered from third party defendants not in privity with the instant defendant. The plaintiff, Frank P. Gionfriddo, on his own behalf and as administrator of the estate of his daughter, the decedent Kim Marie Gionfriddo, brought suit against the defendant, Gartenhaus Cafe, for wrongful death and other damages. After denying the defendant's summary judgment motion, the trial court tried the case to a jury, which returned a defendant's verdict. The plaintiff appealed to the Appellate Court, which upheld the defendant's verdict, but found error in the trial court's failure to grant summary judgment for the defendant. *Gionfriddo* v. *Gartenhaus Cafe,* 15 Conn. App. 392, 546 A.2d 284 (1988). Upon the plaintiff's appeal, we granted certification limited to the following issue: "Is the plaintiff collaterally estopped from seeking an additional recovery from a defendant by virtue of the plaintiff's judgment against third parties not in privity with the defendant?" We now affirm.

The relevant facts as reported in the Appellate Court's opinion and supported by the record are as follows. The decedent died from injuries sustained in a collision occurring when a vehicle driven by Michael Gilliam crossed into her lane of traffic and struck her vehicle. Gilliam, admittedly intoxicated at the time of the accident, had arrived at the defendant Gartenhaus Cafe at approximately 6:30 p.m. on the day of the accident and consumed "probably ten [or] twelve" alcoholic drinks before leaving between 8:00 and 8:30 p.m. Id., 393.

The plaintiff sued Gilliam and the lessor of the vehicle driven by him for wrongful death and other compensatory damages. After a jury trial, the plaintiff received compensatory, exemplary and treble damages in the amount of $1,187,763. We affirmed that judgment and those damages in *Gionfriddo* v. *Avis Rent A Car System, Inc.,* 192 Conn. 280, 472 A.2d 306 (1984) (*Gionfriddo I*), and the defendants therein have satisfied that judgment in full.

Subsequently the plaintiff commenced this action alleging three theories of liability against the defendant Gartenhaus Cafe: (1) selling alcohol to an intoxicated person in violation of General Statutes § 30-102;[1] (2) negligence; and (3) creating a public nuisance on the highway. The trial court, *Wright, J.,* granted the defendant's motion to strike the negligence and nuisance counts from the plaintiff's complaint, and thereafter rendered judgment in its favor on those two counts. The plaintiff then amended his complaint to add a count alleging liability for wanton and reckless misconduct pursuant to *Kowal* v. *Hofher,* 181 Conn. 355,

---

[1] General Statutes § 30-102, also known as the dram shop act, provides in pertinent part: "If any person, by himself or his agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages . . . ."

362, 436 A.2d 1 (1980).[2] Thereafter the defendant moved for summary judgment on the two remaining counts, contending that satisfaction of the judgment rendered in *Gionfriddo I* for the same injuries claimed herein precluded the plaintiff's recovery in this case. The trial court, *Stoughton, J.*, denied the motion. After a jury trial on both counts resulted in a defendant's verdict, the trial court, *Corrigan, J.*, rendered judgment in the defendant's favor.

The plaintiff appealed both trial court judgments to the Appellate Court, raising six claims of error. The defendant responded that even if the plaintiff's claims had merit, the court should affirm the judgments because the plaintiff had already received satisfaction for his injuries by the damages awarded and recovered in *Gionfriddo I*.

The Appellate Court agreed that the adjudication of damages in *Gionfriddo I* and the satisfaction of that judgment barred the plaintiff from bringing this action. It therefore held that the judgments rendered for the defendant were without error, although the trial court had erred in denying the defendant's summary judgment motion. *Gionfriddo* v. *Gartenhaus Cafe*, supra, 406. In reaching its conclusion, the Appellate Court reasoned that the defendants in *Gionfriddo I* and in the instant case were joint tortfeasors, that the plaintiff had received just damages from one or more of the joint tortfeasors and that principles of defensive collateral estoppel applied to prevent the plaintiff from reaping double damages. Id., 398–406. This appeal ensued.

The plaintiff argues that Connecticut has never sanctioned the use of defensive collateral estoppel, that it should not now adopt such a rule and that the doctrine

---

[2] In *Kowal* v. *Hofher*, 181 Conn. 355, 436 A.2d 1 (1980), we held that individuals may be held liable for injuries resulting from their reckless and wanton conduct in providing alcoholic beverages to others.

is especially inappropriate in this case. The defendant, on the other hand, claims that we should recognize the use of defensive collateral estoppel in this jurisdiction and in this case, but argues that this case does not necessitate reaching that issue because the plaintiff has been fully and justly compensated by satisfaction of his judgment in *Gionfriddo I.*

We agree with the defendant that in deciding this case we need not reach the issue of whether this jurisdiction continues to adhere to the doctrine of mutuality of estoppel or whether we should approve of the use of defensive collateral estoppel in this or any case. Rather, we dispose of this case by paying heed to the simple and time-honored maxim that " '[a] plaintiff may be compensated only once for his just damages for the same injury.' " *Virgo* v. *Lyons,* 209 Conn. 497, 509, 551 A.2d 1243 (1988), quoting *Gionfriddo* v. *Gartenhaus Cafe,* supra, 406; see also *Peck* v. *Jacquemin,* 196 Conn. 53, 70 n.19, 491 A.2d 1043 (1985) ("an injured party is entitled to full recovery only once for the harm suffered").

Plaintiffs are not foreclosed from suing multiple defendants, either jointly or separately, for injuries for which each is liable, nor are they foreclosed from obtaining multiple judgments against joint tortfeasors. Practice Book § 97;[3] 2 Restatement (Second), Judgments (1982) § 49.[4] This rule is based on the sound policy that seeks to ensure that parties will recover for their damages. See 2 Restatement (Second), Judgments (1982) § 49, comment b; W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 48. The possible rendition of multiple judg-

---

[3] Practice Book § 97 provides: "Where the plaintiff may at his option join several persons as defendants, or sue them separately, judgment without satisfaction against one shall not bar a suit against another."

[4] The Restatement (Second) of Judgments § 49 provides: "A judgment against one person liable for a loss does not terminate a claim that the injured party may have against another person who may be liable therefor."

ments does not, however, defeat the proposition that a litigant may recover just damages only once. 2 Restatement (Second), Judgments (1982) § 50 (2);[5] 4 Restatement (Second), Torts (1979) § 885 (3).[6] "Double recovery is foreclosed by the rule that only one satisfaction may be obtained for a loss that is the subject of two or more judgments." 2 Restatement (Second), Judgments (1982) § 49, comment a.[7]

---

[5] The Restatement (Second) of Judgments § 50 provides in pertinent part: "When a judgment has been rendered against one of several persons each of whom is liable for a loss claimed in the action on which the judgment is based . . . (2) Any consideration received by the judgment creditor in payment of the judgment debtor's obligation discharges, to the extent of the amount of value received, the liability to the judgment creditor of all other persons liable for the loss." Thus, "[a] payment by one person liable for a loss reduces pro tanto the amount that the injured person is entitled to receive from other persons liable for the loss." Id., comment c. "The adjudication of the amount of the loss also has the effect of establishing the limit of the injured party's entitlement to redress, whoever the obligor may be. This is because the determination of the amount of the loss resulting from actual litigation of the issue of damages results in the injured person's being precluded from relitigating the damages question. See § 29. Therefore, when a judgment is based on actual litigation of the measure of a loss, and the judgment is thereafter paid in full, the injured party has no enforcible claim against any other obligor who is responsible for the same loss." Id., comment d.

[6] The Restatement (Second) of Torts § 885 (3) provides: "A payment by any person made in compensation of a claim for a harm for which others are liable as tortfeasors diminishes the claim against the tortfeasors, at least to the extent of the payment made, whether or not the person making the payment is liable to the injured person and whether or not it is so agreed at the time of payment or the payment is made before or after judgment." Therefore, "[i]f the payment is made as full satisfaction for a specified item of damage, the claim against the others is terminated with respect to that item." Id., comment e; see also id., § 886, comment b ("a payment in full of the judgment has the effect of satisfying in full the injured party's claim against any of the tortfeasors and there is no longer an enforceable claim"); W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 48, p. 331 ("[w]hen payment of the judgment in full is made by the judgment debtor, there is no doubt that the plaintiff is barred from a further action against another who is liable for the same damages, or from enforcement of another judgment against the other").

[7] The plaintiff complains that *Pierce* v. *Albanese*, 144 Conn. 241, 261, 129 A.2d 606, appeal dismissed, 355 U.S. 15, 78 S. Ct. 36, 2 L. Ed. 2d 21 (1957), mandated that he bring separate actions against the driver and the pur-

We have held to this principle since at least 1863. In *Ayer* v. *Ashmead,* 31 Conn. 447 (1863), the plaintiff brought suit against two defendants for trespass. The plaintiff settled with one defendant for damages caused by the trespass, but pursued the action against the other. The remaining defendant defended and prevailed on the ground that the settlement with the other defendant had satisfied the plaintiff's claimed damages. We stated: "It is, as we suppose, settled law that a release, discharge or satisfaction of one or more of several joint trespassers is a discharge of them all, in the same manner that a discharge of one of several joint debtors, or a payment and satisfaction of the joint debt by one, is a satisfaction as to all, since a party injured by a trespass committed by several can have but one satisfaction for his injury, no more than one who has a debt against several can be entitled to be more than once paid." Id., 452. While this jurisdiction and others no longer follow the rule that a release of one defendant releases all joint defendants; see General Statutes § 52-216a;[8] *Peck* v. *Jacquemin,* supra, 67–68; 2 Restate-

veyor of liquor, and therefore the application of the satisfaction of judgment doctrine would effectively preclude him from litigating the defendant's liability. The usual rule would not prevent a plaintiff from obtaining multiple judgments against separate defendants even in separate lawsuits. Practice Book § 97; 2 Restatement (Second), Judgments § 49. We need not address in this case the question of whether the rule of *Pierce* v. *Albanese* would present problems of issue preclusion in separate suits. Satisfaction of the one judgment foreclosed this plaintiff from further litigating his claim for the same injuries. See generally W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 48, pp. 330–31.

[8] General Statutes § 52-216a provides in pertinent part: "An agreement with any tortfeasor not to bring legal action or a release of a tortfeasor in any cause of action shall not be read to a jury or in any other way introduced in evidence by either party at any time during the trial of the cause of action against any other joint tortfeasors, nor shall any other agreement not to sue or release of claim among any plaintiffs or defendants in the action be read or in any other way introduced to a jury."

The plaintiff urges us not to distinguish between releases and settlements on the one hand and satisfied judgments on the other. The legislature, however, has made the distinction for us. Section 52-216a does not limit the

ment (Second), Judgments (1982) § 50, comment a; 4 Restatement (Second), Torts (1979) § 885 (1); it is still the law that satisfaction of a judgment as to one tortfeasor is satisfaction as to all. *Peck* v. *Jacquemin,* supra, 70 n.19 ("nothing we say today in any way changes the time-honored rule that an injured party is entitled to full recovery only once for the harm suffered").[9]

We reiterated this rule in *Burkhardt* v. *Armour & Co.,* 115 Conn. 249, 161 A. 385 (1932).[10] In that case the plaintiff brought suit for negligence and breach of warranty against the seller and the manufacturer of a can of beef containing a piece of tin that the plaintiff's decedent swallowed. The plaintiff sued and obtained judgments in disparate amounts against the seller, for pain and suffering and medical bills, and against the manufacturer, for the same items of damage and for the decedent's death. We held that satisfaction of the judgment against the seller only reduced, but did not preclude, recovery against the manufacturer because the judgments were for different injuries. We repeated and did not violate or impair, however, "[t]he general rule . . . that there can be but one satisfac-

effect of satisfied judgments on subsequent lawsuits and we decline to construe it to have such effect. Furthermore, releases and settlements differ genuinely from satisfied judgments. The former represent a surrender of a cause of action, perhaps for a consideration less than the injury received. The latter, on the other hand, represent full compensation for injuries. See W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 49, p. 332. Because the parties in *Sanders* v. *Officers Club of Connecticut, Inc.,* 196 Conn. 341, 354–55, 493 A.2d 184 (1985), did not raise § 52-216a as an issue nor dispute that the plaintiff was entitled to only one recovery, we did not decide there, and we decline to decide here, whether stipulated judgments fall within the former or the latter category.

[9] This rule applies equally to the law of contracts. See *Dwy* v. *Connecticut Co.,* 89 Conn. 74, 80, 92 A. 883 (1915); see also 2 Restatement (Second), Contracts (1982) § 291; 2 Restatement (Second), Judgments (1982) § 49, comment b.

[10] We overruled *Burkhardt* v. *Armour & Co.,* 115 Conn. 249, 161 A.385 (1932), on other grounds in *Porpora* v. *New Haven,* 122 Conn. 80, 95–96, 187 A. 668 (1936).

tion of damages, and where judgments are rendered against different persons for the same cause of action, payment of one is a satisfaction of all." Id., 257.

Most recently we adhered to this doctrine in *Virgo* v. *Lyons,* supra, a case that differs only procedurally from the instant case. In *Virgo,* the plaintiff sought recovery for personal injuries and medical expenses caused by an assault and battery upon him by police officers. He brought a civil rights action in federal district court under 42 U.S.C. § 1983, and appended certain state law claims. The District Court declined to hear the state claims and tried only the civil rights claim to a jury. The jury awarded the plaintiff compensatory damages for his personal injuries and medical expenses, and the court rendered judgment against only one of the officers. Id., 498–99.

The plaintiff then brought suit in the Superior Court seeking recovery for the same injuries and expenses under state law principles (negligence, assault and battery) that the District Court had declined to consider. The trial court granted the defendants' summary judgment motion on the grounds that the plaintiff had already recovered for his claimed damages and could not seek double recovery. Id., 500. We found no error in the trial court's ruling because, although the plaintiff had not had the opportunity to pursue his state law claims, and "[a]lthough the plaintiff may be dissatisfied with the damages he received in the federal court action, the fact remains that he has already litigated the issue of damages and he cannot relitigate that issue." Id., 509.

It is not questioned that the damages the plaintiff has claimed in this case were identical to those claimed, awarded and recovered in *Gionfriddo I.* There is also no doubt that the plaintiff recovered "just damages" in *Gionfriddo I.* He never filed any post-verdict motions

for an additur or to set aside the verdict, nor did he otherwise claim that the verdict for compensatory damages was insufficient. We therefore conclude that the Appellate Court correctly determined that the trial court erred in not granting the defendant's summary judgment motion. As the verdict rendered favored the defendant, however, the Appellate Court also correctly found no error in the trial court's judgment for the defendant.[11]

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

[11] The plaintiff argues that the application of defensive collateral estoppel in this case would violate article first, § 10 of the Connecticut constitution. Although we do not reach the defensive collateral estoppel issue in this case, the plaintiff's argument fails on its merits in cases such as this in which the plaintiff has received full satisfaction for claimed injuries. Article first, § 10 provides in pertinent part: "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law . . . ." The courts have been "open" to the plaintiff "for an injury done to him" and he has had "remedy by due course of law." Article first, § 10 does not ensure that a plaintiff may obtain satisfaction of multiple judgments for the same injury.