On March 4, 1992, the plaintiff, Ronald Scribner obtained a plaintiff's verdict against the defendant, Christian T. Ostner in the amount of $25,906.00 including $5,132.00 economic damages and $20,774.00 non-economic damages. The defendant has moved to set aside the verdict on the grounds that it is against the facts, law and excessive. In addition, the defendant relies on the failure of the court to charge on apportionment pursuant to General Statute 52-572 (h) and claims a right or set off for a $15,000.00 payment made by a non party, Donald A. Paul and his employer, James V. Orsini Company.
On May 20, 1988, the plaintiff claimed to have been injured on route 84 when his vehicle was struck in the rear by the defendant and immediately thereafter struck again when the defendant was hit in the rear by the Paul vehicle. As a result of the accident, the plaintiff, age 37, with a life expectancy of 43 years, claimed injuries including acute traumatic cervical and dorsal sprain with accompanying radiculitis; myositis and muscle spasm; misalignments of the first, fifth and sixth cervicals; loss of cervical curvature; loss of sensation at C-5, C-6 and C-7; pain upon pressure over third, fourth and fifth cervicals; headaches; loss of sleep; pain in the neck, upper back scapulas and left arm; tenderness over the para vertebrae muscles and trapezius muscle; exacerbation of degenerative disc disease at C-5 and C-6; diminished range of motion of the cervical spine; shock and trauma to his entire nervous system; and permanent partial disability of 5-10% CT Page 5432 of cervical spine. Special damages of $5,194.98 were offered in evidence including Dr. Race, $2,350.00, Dr. Viola, $270.00 and lost wages of $2,574.98.
The original complaint returned May 22, 1990 named Donald A. Paul and the James V. Orsini Company, Inc. as defendants. The case was withdrawn as to these defendants on June 12, 1990 upon the payment of $15,000.00. Mr. Paul, a New York resident did not testify in the case although the original complaint was offered in evidence.
I.
Mr. Ostner filed a special defense under General Statutes52-572 (h) requesting apportionment of responsibility between the two original defendants, and filed a request to charge that "the jury specify the percentage of negligence that proximately caused the injury . . . that is attributable to each party whose negligent actions were a proximate cause of the injury . . . including settled or released persons under subsection (n) of this section." Conn. Gen. Stat. 52(h)(n).[1]
The court rejected this request on the ground that there was insufficient evidence before the jury for it to assess the percentage of negligence attributable to Mr. Paul. While there was evidence of a second impact, there was no evidence of his speed, control or lookout. The burden was upon Mr. Ostner to establish his special defense by a fair preponderance of the evidence. Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 23, 23. Since he was not called, deposed, or any statement offered, there was no basis except conjecture for the jury to assess his percentage of negligence.
II.
The defendant claims that any compensation in excess of the jury's verdict is excessive as a matter of law and therefore the court must order a remittitur of $15,000.00. In Peck v. Jacquemin, 196 Conn. 53, the Supreme Court construed General Statutes52-216a as amended following that court's decision in Seals v. Hickey, 186 Conn. 337, to permit a payment by one joint tortfeasor resulting from a settlement before trial to reduce a jury verdict against another joint tortfeasor only where the verdict otherwise would be excessive as a matter of law. "In making its postverdict determination on the issue of any claimed excessiveness . . . the trial court [is] directed to consider the amount of money paid to a plaintiff as a result of [a settlement with another tortfeasor] ." Peck v. Jacquemin, supra, p. 71; Alfano v. Insurance Center of Torrington, 203 Conn. 607, 610. While the supreme court has subsequent to Peck held that "a litigant may recover just CT Page 5433 damages only once," Gionfriddo v. Gartenhaus Cafe, 211 Conn. 67,72, it continues to cite with approval Peck.
Although this court has some difficulty in reconciling the holding in Alfano and Gionfriddo, it is of the opinion that the determination of excessiveness is governed by Peck, supra. Accordingly, the court must determine whether the verdict of $25,906.00 when added to $15,000.00 already received is excessive as a matter of law. Applying this standard, the court finds that a total compensation for the plaintiff's injuries of $40,906.00 to be excessive and that therefore a remittitur of $5,000 is required.
The jury was charged to award fair, just and reasonable damages to the injuries sustained. It found those damages to be $25,906.00. As pointed out by Justice Shea in his concurring opinion in Peck v. Jacquemin at page 76, the construction of section52-216a by the majority "creates the anomaly that plaintiffs who are fortunate enough to be damaged by several tortfeasors, as in a multiple car accident, may recover compensation for the same damages against each of several tortfeasors in a succession of settlements until the ceiling of excessiveness as a matter of law is reached. In contrast, the plaintiff who suffers the same loss at the hands of only one person must be satisfied with the trier's assessment of reasonable compensation so long as it falls within the extremes of inadequacy and excessiveness as a matter of law."
This case presents such an anomaly inasmuch as this plaintiff will receive, if the remittitur is accepted $35,904.00 in a case where the jury found just damages to be $25,904.00. For the reasons set forth, the motion to set aside the verdict is granted unless the plaintiff within ten days files a remittitur of $5,000.00.