[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of a motor vehicle accident occurring in Woodbridge on May 14, 1986 in which Barbara Freeman suffered injuries and died approximately three hours later in Yale New Haven Hospital. On September 27, 1987, plaintiff's decedent, Susan M. Haynes, Freeman's daughter, brought this action in four counts against Yale New Haven Hospital and Charles F. McKhann, the treating physician in the emergency room, alleging wrongful retention of monies reimbursed through Workers' Compensation and a CUTPA claim.
Defendants filed an answer and special defense essentially denying each of the allegations in the complaint. The special defense directed to count one asserts that plaintiff is collaterally estopped from relitigating the measure of damages because plaintiff's decedent, by virtue of an uninsured motorist arbitration award, has received full compensation for the harm suffered.
In his reply to the special defense, plaintiff admits the arbitration took place on July 21, 1989 but denies she recovered full compensation since medical damages were specifically excluded.
In that proceeding, in which the arbitration had evidence before them the plaintiff's policy limit of $900,000, the CT Page 1468 arbitrators awarded damages of $650,000. That award was reduced by $20,000, which amount represents the settlement with the driver of the other car or his policy limit.
On July 6, 1992 the defendants filed a motion for summary judgment as to count one only contending that the plaintiff has already received just compensation for the claimed damages, therefore, they are entitled to judgment as a matter of law.
The plaintiff has filed four memoranda and an affidavit in opposition to the defendants' motion. The plaintiff argues that the case relied upon the defendants to support their position is inapplicable for procedural reasons. Moreover, a genuine issue of material fact exists as to whether the plaintiff recovered medical expenses in the arbitration proceeding.
The defendants argue in their reply memoranda that an arbitration award constitutes full satisfaction of damages and, therefore, is entitled to preclusive effect. Defendants also claim that the materials submitted by plaintiff have insufficient merit to defeat the defendants' motion for summary judgment.
DISCUSSION
When a motion for summary judgment is made, the movant must show that there is no genuine issue of material fact, that is, one that would make a difference in the outcome remaining to be resolved, and that it is entitled to judgment as a matter of law. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578-79,573 A.2d 699 (1990). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citations omitted.) Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1990). Consequently, because the burden of proof lies with the movant, "the trial court must view the evidence in the light most favorable to the non-moving party." Id. 247. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citations omitted.). Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984).
In their motion for summary judgment the defendants contend that the plaintiff is collaterally estopped from pursuing this action because the plaintiff recovered just damages for the harm suffered by plaintiff's decedent by virtue of an arbitration CT Page 1469 award against plaintiffs' uninsured motorist carrier, Covenant Insurance Co. Plaintiff argues that the arbitration proceeding specifically excluded medical expenses, therefore, plaintiff did not receive full compensation for Barbara Freeman's injuries.
"The doctrine of res judicata and collateral estoppel protect the finality of judicial determination, conserve the time of the court, and prevent wasteful relitigation . . . . Collateral estoppel, or issue preclusion, prevents a party from relitigating an issue that has been determined in a prior suit." Gionfriddo v. Gartenhaus Cafe, 15 Conn. App. 392, 401-02, 546 A.2d 284, cert. granted, 209 Conn. 809, 548 A.2d 437 (1988). "For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." Id. 402.
Thus, the first step in the analysis as to whether plaintiff should be collaterally estopped from pursuing this action is to determine whether the arbitration award constitutes a full and fair adjudication of damages for the decedent's injuries.
In opposition to defendants' motion for summary judgment, the plaintiffs have filed the affidavit of Joel S. Rottner, attorney for Covenant Insurance Co., the respondent in the arbitration proceedings. Rottner declares, inter alia, that a stipulation limiting the scope of the arbitration was signed by him as the representative of Covenant; that at the time of the arbitration he was aware of the civil action on behalf of the Estate of Barbara Freeman against Yale New Haven Hospital and the treating physician; and further, that no demand was made by Covenant to settle the malpractice suit. In addition, Rottner recites para. 7 of the Stipulation containing the limitations of the arbitration.
 7. The only issues for decision by the arbitration upon the arbitration scheduled for July 21, 1989, are the amounts of the following elements of just damages for wrongful death under Section 52-555 of the Connecticut General Statutes, such elements being: (a) loss of earnings and earning capacity; (b) conscious pain and suffering; and CT Page 1470 (c) loss of enjoyment of life's activities, as suffered by Barbara S. Freeman.
Rottner also states that the limitations of the Stipulation were adhered to in the arbitration.
The Connecticut Supreme Court has repeatedly held that the scope of arbitration may be limited because arbitration "is a creature of contract and the parties delineate the power of the arbitration by the terms of the submission." Bruno v. Department of Consumer Protection, 190 Conn. 14, 18 458 A.2d 685 (1983).
Citing Gionfriddo v. Gartenhaus Cafe, 211 Conn. 67
___ A.2d ___ (1989) ("Gionfriddo II") in support of their motion for summary judgment, the defendants argue that the plaintiff has already received full compensation for her loss; thus plaintiff is precluded from seeking further damages because "an injured party is entitled to full recovery only once for the harm suffered." (Citation omitted.) Id. 71. "For recovery from a second tortfeasor to be barred, however, it must be shown that the injured party has received full recovery." In so holding the court reasoned that the plaintiff in Gionfriddo I received "just damages" because he never filed any post verdict motions claiming the verdict for compensatory damages was insufficient. Id. 75-76. Therefore, Gionfriddo II is factually distinguishable from the present case by its procedural history and thus is not controlling. In Gionfriddo v. Avis Rent A Car System, Inc.,192 Conn. 280, 472, A.2d 306 (1984) (Gionfriddo I), the plaintiff sued the lessor and driver of the vehicle, which collided head-on with plaintiff's vehicle, for wrongful death and other compensatory damages. After a jury trial, plaintiff recovered damages in excess of one million dollars. Subsequent to that verdict, plaintiff sued Gartenhaus Cafe. (Gionfriddo II). No attempt to limit damages was recognized in Gionfriddo I. Here plaintiff not only limited the scope of the arbitration proceeding by stipulation but the present lawsuit was commenced two years prior to the arbitration.
Defendants also cite the case of Neils v. Red Dog Saloon Cafe, Inc., 7 Conn. L. Rptr. No. 5, 121 (Higgins, J., August 24, 1992) in support of the proposition that satisfaction of an arbitration award is full compensation or injuries suffered by plaintiff's decedent. In Neils, however, unlike the present case, plaintiff appended no documentation to her memorandum of CT Page 1471 law contesting defendant's argument that the award in the arbitration proceeding fully compensated her for the harm suffered by plaintiff's decedent. Instead, plaintiff merely argues in her memorandum of law that the findings of the arbitrators regarding the other driver's liability is not inconsistent with plaintiff's burden under the Dram Shop Act and, further, that although defendants may be entitled to "credit on the issue of damages, the issue of liability under the Act is not foreclosed by the arbitration proceedings." Id. 123. Because the Court in Neils had no disputed facts before it defendant's motion for summary judgment was granted.
Finally, the case of Hamond v. Waterbury, 219 Conn. 569, ___ A.2d ___ (1991) is dispositive of the defendant's motion for summary judgment. In Hammond, a delivery truck owned by Mattatuck and operated by one of its employees left the highway knocking over two telephone poles. Fuel oil from the truck and fluid from an electrical transformer atop one of the poles spread over an already rain-soaked roadway. The Waterbury police and fire departments covered the spill with sand. Approximately twenty-six hours later a pickup truck operated by John Kulman, skidded on the sanded area colliding with an automobile driven by Joseph Hammond, causing Hammond's death. The Hammond estate sued Kulman and the City of Waterbury in separate actions that were never consolidated. Thereafter a stipulated judgment entered in the amount of $600,000. between the Hammond estate and Kulman. In the Waterbury lawsuit the court had before it the question of whether the stipulated judgment between the Hammond estate and Kulman represented a full recovery for the injuries suffered. At trial the jury had evidence before it calculating the potential economic loss to Hammond's estate at one million dollars. In light of that evidence, the court held, "we cannot conclude that it was unreasonable for the jury to decide that the $600,000 settlement represented less than full value for the loss suffered." Id. 578.
In the present case, the arbitrators had before them plaintiff's uninsured motorist policy limit of $900,000. They awarded plaintiff damages in the amount of $650,000. reduced by $20,000. recovered under the policy limits of the other driver. In a footnote to Hammond the court stated: "In this case, the issue of damages was never litigated (emphasis supplied) in the proceedings between Kulman and the Hammond estate and therefore the question of whether the stipulated judgment with the estate represented a full recovery was properly before the jury here." CT Page 1472 Id. 577. In the present case, the issue of damages between Yale New Haven Hospital and the plaintiff were never litigated in the arbitration proceeding nor was the policy limit of $900,000 exhausted through the arbitrator's award.
Accordingly, a genuine issue of material fact exists as to whether the arbitration award constitutes the full compensation for plaintiff's injuries. Therefore, defendants' motion for summary judgment is denied.
Richard J. Stanley, Judge