[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT NO. 123
On February 19, 1993, the plaintiffs, Carl Bertalovitz and Lillian Bertalovitz ("Bertalovitz"), filed a one count complaint against the defendant, North Park Mortgage Services, Inc. ("North Park"), seeking the foreclosure of a mortgage held by the Bertalovitz on property owned by North Park.
On October 1, 1990, the court (West, J.), in the matter of North Park Mortgage Services, Inc. v. Bertalovitz, Docket No. 30 23 71, entered a judgment of foreclosure by sale against a premises ("the premises") owned by Gary S. Bertalovitz. On November 23, 1991, North Park, who held a mortgage on the premises, purchased the property at the foreclosure sale "subject to any and all encumbrances of record prior to and senior in right to that being foreclosed."
The Bertalovitz presently hold, and at the time of the prior foreclosure judgment, held, a $20,000 mortgage on the premises, a mortgage senior to the foreclosed North Park Mortgage. The Bertalovitz recorded the mortgage in the Ridgefield, Connecticut land records on January 6, 1969. In paragraph four of the foreclosure complaint in the prior action, North Park alleged that "Carl J. Bertalovitz and Lillian R. Bertalovitz may claim an interest in said premises by virtue of a mortgage in the amount of $20,000.00 dated September 1, 1968 . . . which mortgage is prior in right to that of the plaintiff." (Emphasis added.)
Further, the notice to bidders filed in the prior action, CT Page 1343 dated November 23, 1991, reflected that the property would be "sold subject to the following encumbrances and restrictions, all of which are prior in the right of the mortgage being foreclosed: . . . . f) A mortgage from Gary S. Bertalovitz to Carl J. Bertalovitz and Lillian R. Bertalovitz in the original principal amount of $20,000.00 dated September 1, 1968 and recorded in Volume 137 at Page 399 of the Ridgefield Land Records." The committee's deed, approved by the court (Moraghan, J.) on March 2, 1992, indicates that "[s]aid premises are conveyed subject to the following: . . . 7. A mortgage from Gary S. Bertalovitz to Carl J. Bertalovitz and Lillian R. Bertalovitz dated September 1, 1968 and recorded in Volume 137 at Page 399."
The Bertalovitz brought this action to foreclose on the mortgage that North Park took subject to when it purchased the premises. On June 21, 1993, North Park filed an answer, special defenses and a five count counterclaim, requesting that the court declare the mortgage to be "of no effect in accordance with General Statutes, Sec. 49-13" and for money damages for the Bertalovitz' failure to pay back rent of $6,000 pursuant to an allegedly valid stipulated summary process judgment.
Counts one and two of the North Park counterclaim allege the following facts. On September 1, 1968, Gary S. Bertalovitz executed a $20,000 promissory note in favor of the Bertalovitz. Gary S. Bertalovitz simultaneously executed a mortgage deed on the premises in favor of the Bertalovitz to secure the promissory note. The note was payable on demand. More than seventeen years have passed since the execution of the note and there has been no demand made by the Bertalovitz on the note. North Park alleges, therefore, that pursuant to General Statutes, Sec.49-13, since the Bertalovitz have lived on the premises for over seventeen years and have not made a demand on the note underlying the mortgage until the institution of the present suit, "said mortgage has become of no effect." On that basis, North Park contends that the mortgage should be declared invalid.
In counts three and four of the counterclaim, North Park alleges that the Bertalovitz lived on the premises from September 1, 1968 until May 30, 1993. "The parties to the note never intended there to be any monies paid by the maker to the payees, in addition to the payees residing in said premises rent free." "The Maker has satisfied his obligation, therefore, the note has been satisfied." As a result, North Park requests, pursuant to CT Page 1344 General Statutes, Sec. 49-13, that the court declare the mortgage to be invalid.
In count five, North Park alleges that the Bertalovitz have failed to satisfy a stipulated summary process judgment entered into by the parties for payment of back rent for the Bertalovitz' occupation of the premises. As a result, North Park claims it is due $6,000 for the arrearages.
On September 30, 1994, the Bertalovitz filed a motion for summary judgment on the defendant's counterclaim based on the doctrine of collateral estoppel.[1] They contend that the judgment of foreclosure by sale in the earlier action, which clearly notified North Park that it would take the premises subject to the Bertalovitz' 1968 mortgage, precludes North Park from relitigating, and thereby denying the validity of the 1968 mortgage.
North Park, relying on In re Juvenile Appeal (83-DE),190 Conn. 310, 460 A.2d 1277 (1983), argues that since the Bertalovitz were not parties to the earlier foreclosure action, the doctrine of mutuality is not satisfied; therefore, the prior action can have no preclusive effect in this case.
"Practice Book, Sec. 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Water Way Properties v.Colt's Mfg. Co., 230 Conn. 660, 664, 646 A.2d 143 (1994).
The movant must show that it is quite clear what the truth is; State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250 (1988); and has the burden of showing the absence of any genuine issue as toall material facts. (Emphasis added.) Fogarty v. Rashaw, 193 Conn. 442,445, 476 A.2d 582 (1984). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.'" Suarez v. Dickmont PlasticsCorp. , 229 Conn. 99, 105, 639 A.2d 507 (1994).
Collateral estoppel, or issue preclusion, bars relitigation, in a subsequent action brought upon a different claim, of issues already determined in a prior action. Aetna Casualty Surety Co.v. Jones, 220 Conn. 285, 296, 596 A.2d 414 (1991). The invocation of the doctrine protects the finality of judicial determinations, CT Page 1345 conserves the time of the court and prevents wasteful litigation.Gionfriddo v. Gartenhaus Cafe, 15 Conn. App. 392, 401,546 A.2d 284 (1988), aff'd on other grounds, 211 Conn. 67, 71, 557 A.2d 540
(1989).
"`For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment.'" (Citations omitted.) AetnaCasualty Surety Co. v. Jones, supra, 296. The issues sought to be litigated in the new proceeding also must be identical to those considered in the prior proceeding. Crochiere v. Board ofEducation, 227 Conn. 333, 345, 630 A.2d 1027 (1993). Further, contrary to North Park's argument, the Supreme Court has said that there is no longer a need for the mutuality of parties, reasoning that "[t]o allow a party who has fully and fairly litigated an issue at a prior trial to avoid the force of a ruling against him simply because he later finds himself faced by a different opponent is inappropriate and unnecessary." AetnaCasualty Surety Co. v. Jones, supra, 302.
The element of collateral estoppel that is controlling in this matter is not the lack of mutuality, but whether the validity of the 1968 mortgage was actually litigated in the prior action.
"Collateral estoppel can be applied only to bar relitigation of facts that were formally put in issue and ultimately determined by a valid, final judgment." (Citation omitted.) Carnese v.Middleton, 27 Conn. App. 530, 542, 608 A.2d 700 (1992). "An issue is `actually litigated' if it is properly raised in the pleadings, submitted for determination, and in fact determined" in the prior action. State v. Ball, 226 Conn. 265, 276,627 A.2d 892 (1993).
A review of the materials filed by the Bertalovitz in support of their motion for summary judgment does not reveal that they have met their burden of showing that the validity of the 1968 mortgage was ever raised in the prior action's pleadings. There was no count in the prior complaint, similar to the ones contained in North Park's counterclaim, that sought a declaration concerning the validity of the Bertalovitz' mortgage. The complaint simply states that the Bertalovitz may claim an interest in the property by virtue of their $20,000 mortgage. This allegation is insufficient to present for determination the CT Page 1346 issue of the validity of the mortgage.
Further, there is no indication in the documents filed by the Bertalovitz in support of their motion that the validity of the mortgage was ever submitted for determination or in fact determined in the prior action. The evidence provided by the Bertalovitz shows that North Park knew that it purchased the property subject to a mortgage that the Bertalovitz may claim was enforceable, but there is no evidence that the validity of the 1968 mortgage was ever subjected to judicial scrutiny and conclusively determined by the trier of fact. Therefore, the Bertalovitz have failed to carry their burden of showing the court that it is "quite clear what the truth is" with respect to the actual litigation and determination of the validity of the 1968 mortgage deed. State v. Goggin, supra, 616.
Based on the foregoing, the Bertalovitz' motion for summary judgment on the grounds of collateral estoppel is denied.
Stodolink, J.