[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REARGUE (NO. 146)
This court granted the plaintiff's motion to reargue a decision in which the court ordered the plaintiffs to amend their complaint to add an additional defendant, whom another defendant had cited in for apportionment purposes.
The facts are that on August 20, 1990, the plaintiff, Margaret Lepri, filed a complaint against the defendant, Jose Martinez. The gravamen of this complaint is that Martinez's negligence in driving a truck caused an accident with a moped that Lepri was driving.
On May 22, 1992, Martinez filed a motion to cite in Vincent P. Veccharelli as a defendant. Martinez claimed that Veccharelli owns the moped which Lepri was driving. Pursuant to General Statutes § 52-572h, Martinez sought to have any damages apportioned.
In a decision filed on March 3, 1993, this court granted Martinez's motion to cite in. This decision states, in part, "[a]ttached to Martinez' motion is an order that the plaintiffs amend their complaint and serve and summon Veccharelli to appear as a defendant in the action. This is the proper procedure for bringing a person into a negligence action for the purpose of apportionment of liability under General Statutes § 52-572h."
On May 5, 1995, the plaintiff filed a motion to reargue "that particular aspect of the defendants' motion to cite in additional defendants in order to require the defendants to do it themselves." The plaintiff argues that Bradford v. Herzig, 33 Conn. App. 714, 723,638 A.2d 608 (1994), holds that a court may not order a plaintiff to sue someone.
On May 15, 1995, the defendant filed an objection to the motion to reargue. Citing Timber Trails Assoc. v. Town of Sherman,8 Conn. L. Rptr. 147
(February 1, 1993) (Fuller, J.), the defendant argues that the court should not entertain a motion for reargument. The defendant also argues that the court should deny the motion for reargument because the plaintiffs have ignored the court's order for two years.
The granting of a motion for reconsideration and reargument is within the sound discretion of the trial court. Braunstein Todiscov. Bossom, 11 Conn. L. Rptr. 600, 601 (June 7, 1994) (McGrath, J.) CT Page 10471 "The court is not precluded from reexamining its own decision, within a reasonable time after its rendition, if it appears that otherwise injustice may result because of oversight in a material issue of fact or law." (Emphasis added.) Id.
It is clear that this court may choose to find that the plaintiff has requested reargument within a reasonable period of time. Although approximately two years have passed after the court ordered the plaintiff to amend her complaint, Veccharelli has not been made a party to the action. It is noted that neither the plaintiff, who was delayed serving Veccharelli, nor the defendant, who originally filed the motion to cite in, would be prejudiced by an order that the defendant bring Veccharelli into the action.
It is clear that Bradford v. Herzig, supra, 33 Conn. App. 714, has resolved an issue over which the Superior Courts disagreed.Preferred Mutual Ins. Co. v. Mobil Oil Corp., 1 Conn. Ops. 185 (January 24, 1995) (Maiocco, J.) In Bradford v. Herzig, the Appellate Court stated:
 It is axiomatic that `where the negligence of two persons concurs to produce a single result, a plaintiff can elect to sue either or both.' Fox v. Fox, 168 Conn. 592, 594, 362 A.2d 854 (1975); see also Giofriddo v. Gardenhaus Cafe, 15 Conn. App. 392, 397, 546 A.2d 284 (1988), affirmed, 211 Conn. 67, 557 A.2d 540 (1989). The plaintiff had the right to choose either or both of two defendants to sue. If the defendant believed that a nonparty was responsible for some or all of the plaintiff's injuries, it was his responsibility to implead that nonparty. General Statutes §§ 52-102, 52-102a." (Emphasis added.) Bradford v. Herzig, supra, 33 Conn. App. 723-24.
In light of the Appellate Court's decision in Bradford and the authorities cited therein, the court finds that it should not have ordered the plaintiff to amend its complaint and name Veccharelli as a defendant. The court, therefore, vacates that part of its decision that orders the plaintiff to cite in Veccharelli as a defendant. The court further orders the defendant to implead Veccharelli within thirty (30) days of the date of this memorandum. CT Page 10472