[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
The plaintiff seeks to recover damages from the defendant insurance agency for its alleged negligence. The acts complained of arose in April of 1992 when the plaintiff, a principal of the entity employing him, requested the defendant to take appropriate steps to include him on the Workers Compensation policy of the employer
Later in 1992, the plaintiff asserted a claim under the policy at which time it was learned that the defendant had not filed the appropriate notice with the Workers Compensation Commissioner. The insurance carrier CT Page 3121 covering the claim asserted this filing defect as a defense, and further denied coverage on the grounds of no injury covered by the workers compensation act, no causal relationship between the claimed condition and employment, that the condition was pre-existing and that the plaintiff was not disabled.
At least two formal hearings were held on this claim and on September 19, 1993, the plaintiff entered into a stipulation with the respondents, the carrier and the employer. In the usual form for compensation stipulations, the plaintiff agreed to accept $40,000 in full and final settlement of all claims.
In this action, the plaintiff seeks to recover additional damages from this defendant on the theory that but for the defective notice, the compensation claim would have been more valuable and he would not have settled for $40,000.
By stipulation of the parties, the matter was bifurcated and the court at this time will only address the liability issue.
The defendant has denied liability and interposed two special defenses. In the first, it alleges the plaintiff was properly covered under the policy and in the second, the statute of limitations is asserted.
 DISCUSSION I
The statute of limitations defense raised by the defendant is the three year statute, Section 52-577. The parties are not in agreement as to the date of the negligent act for this claim.
The plaintiff argues that though the act or omission occurred in April of 1992, it did not come to his attention until August when his claim was presented. He further agrees that the defendant had a continuing duty to take the steps to include the plaintiff under the coverage of the policy and this duty survived and existed at least until August 12, 1992, the date of the policy renewal.
The court finds that this date is the more reasonable and logical one under these circumstances, but the defendant contends that this is of no assistance to the plaintiff since the complaint was not served until August 18, 1995 and the statute would have run on August 12, 1995.
Though this would appear to be beyond the three year anniversary of the CT Page 3122 claim, the plaintiff has introduced evidence to establish that the summons and complaint were prepared on August 4, 1995 and mailed to a deputy sheriff for service before August 12, 1995. That sheriff's amended return indicated he received the papers after August 4 and served them within 15 days of their receipt, actually August 18.
It is therefore the conclusion of the court that service on the 18th
of August was valid by virtue of the preparation and mailing on August 4.
The second special defense is therefore denied.
 II A.
With respect to the first special defense, the defendant has offered the testimony of John McManus, who wrote the original policy involved and described his efforts to have the compensation carrier correct the alleged error and extend coverage to the plaintiff.
Exhibits D, E, F 3 support this testimony and on the strength of this evidence, one would logically conclude that the defendant had corrected the error complained of and that the carrier was extending coverage.
Exhibit D is a letter from the defendant to the carrier which tends to confirm the defendant's claim that the carrier had conceded coverage. Exhibit E is a policy endorsement consistent with that claim. Exhibits F 3 are copies of policies showing the coverage history.
Thus, the testimony of the carrier's attorney to the effect that the defense as to the exclusion notice was never abandoned is puzzling. And, while the court cannot, in light of that evidence, find the special defense has been proven, this evidence must be considered by the court in addressing next the issue in the case, as submitted by the parties: "Was the alleged "error' of this defendant a substantial factor in inducing the plaintiff to settle the compensation case?"
 B.
As noted above, the compensation insurance carrier contested the plaintiff's claim from the beginning. In the final stipulation entered into between this plaintiff and the carrier, the latter's position is stated in these words:
 "The respondents deny that the claimant was an insured CT Page 3123 on the workers' compensation policy between CNA and the employer-respondent at the applicable time period. The respondents deny that a mental injury without a physical injury is compensable under the workers' compensation statute of the State of Connecticut. The respondents contend that the claim is barred by the statute of non-claim. The respondents deny that the claimed injury arose out of and in the course of his employment with the employer-respondent."
The carrier had done a surveillance of the plaintiff and was prepared to attack his disability allegation with a videotape. The chronology of events and the cause of the alleged injury had created suspicion on the part of the carrier. There was evidence that the mental condition alleged had an earlier unconnected origin. The date of the request for inclusion of the plaintiff in workers compensation coverage April of 1992, and the soon to follow episode or episodes causing the "injury" in August of 1992, are significant especially since the plaintiff had opted to be excluded on the earlier policy. And, the individual whose actions allegedly produced the plaintiff's "injury" was a relative and another principal in the business. These acts apparently included firing a handgun at the place of work, this being the catalyst for the onset of the plaintiff's condition.
When one attempts to balance these circumstances as defenses alongside of the carrier's defense of no coverage, the latter seems almost frivolous. As discussed above in Section II A, the carrier's own endorsement (Exhibit E) would appear to be conclusive on the issue of coverage. This defendant was the carrier's agent and all of the evidence cited in Section II A supports the conclusion that the carrier had acceded to the request of the defendant and was covering this plaintiff.
The carrier was represented by competent counsel and the evidence reflects a thorough treatment of this claim. It had to know its position on coverage was weak and that it would probably be estopped from denying coverage in light of Exhibit E et al. Similarly, plaintiff's counsel in the compensation matter had to be aware of all the defenses and their relative strengths.
The court is compelled to conclude that the action of the defendant was not a substantial factor in inducing the plaintiff to settle. It is the court's finding that the coverage defense was weak and could have been defeated by the then plaintiff's counsel before the compensation commissioner. The other defenses presented more serious problems for the plaintiff and placed a great emphasis on credibility issues. CT Page 3124
 III
After trial and argument, the court met with counsel and suggested briefs be submitted to address our Supreme Court decision in Gionfriddov. Gartenhaus Cafe, 211 Conn. 67 (1989). In that case, the plaintiff was denied recovery because a "plaintiff may be compensated only once for his just damages for the same injury."
The plaintiff argues that the Gionfriddo case is not applicable to this case because in the former, a judgment was obtained, while in this case the plaintiff entered into a stipulation for a settlement amount before the Compensation Commissioner.
However, the court stated in a footnote that it was not deciding whether stipulated judgments fall within the prohibition against dual recoveries. (Id., at page 74, footnote 8). The stipulation entered into by the plaintiff certainly falls into that category.
In addition, the relationship of these parties is relevant. The stipulation was between the plaintiff and two respondents: his employer and this compensation insurance carrier. The defendant in this case was an agent of both of those respondents. There is no doubt that the claim against those respondents and the claim against this defendant is for the same alleged injuries.
The plaintiff seeks to open up the question as to whether he received "fair and equitable compensation" in his compensation claim. This rationale, if adopted, could lead to endless litigation as a plaintiff seeks out new defendants and new theories of liability. And, in each subsequent case, the court would be obliged to speculate as to the various factors influencing the earlier outcome or outcomes.
There should be a finality to litigation and the court concludes that the plaintiff should be precluded from re-asserting his injury claim against this defendant.
 CONCLUSION
The court finds that the plaintiff has not sustained his burden on the liability issue, i.e., that the alleged error or omission of the defendant was a substantial factor in inducing him to settle for less than he was entitled to.
Further, the court finds that the plaintiff cannot prevail in this matter in view of the Gionfriddo v. Gartenhaus Cafe, decision, supra. CT Page 3125
Anthony V. DeMayo Judge Trial Referee