[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#104)
 BACKGROUND
On July 24, 2000, the plaintiff, Laura Shelby, filed a one count negligence complaint against the defendants, Rotary Lift, Dover Industries, Inc. and Dover Corporation. Subsequently, on June 27, 2001, the plaintiff filed the operative, one count amended complaint alleging that the defendants violated the Connecticut Product Liability Act, General Statutes § 52-572m et seq., by manufacturing, supplying and selling a defective lift to Monro Muffler Brake, Inc., which caused her to sustain personal injuries. The plaintiff alleges that she was injured when the lift was lowered on her feet.
Prior to the initiation of this action, the plaintiff brought a negligence claim against Monro, owner and operator of the lift; Shelbyv. Monro Muffler Brake, Inc., Superior Court, judicial district of New London, Docket No. CV 97 0543736; in which the jury returned a verdict in CT Page 9031 the plaintiffs favor. The action against Monro was based on the same circumstances at issue in this case. The plaintiff, however, in addition to alleging the same injuries as alleged in the action against Monro, now alleges that she has sustained injuries due to the "constant use of a cane" and from limping.
On April 20, 2001, the defendants filed a motion for summary judgment.
The defendants move for summary judgment on the ground that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law because the rule against double recovery precludes the plaintiff from recovering twice for the same injury.[1] In support of their motion, the defendants have filed a memorandum of law; an unverified copy of the complaint from the prior action, Shelby v. MonroMuffler Brake, Inc.; an unverified copy of the plaintiffs verdict form from the prior action; a copy of a signed stipulation regarding the modification of judgment in the prior action; and a signed copy of the satisfaction of judgment from the prior action.[2]
On June 27, 2001, the same day the plaintiff filed the amended complaint, the plaintiff also filed an objection to the defendants' motion for summary judgment, a memorandum of law in support, and a signed affidavit from the plaintiff. The defendants filed a reply brief on February 7, 2002.
 DISCUSSION
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide anevidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Brackets in original; emphasis in original; internal quotation marks omitted.) Mytvch v. May Dept. Stores Co., 260 Conn. 152,164 n. 8, 793 A.2d 1068 (2002). "[A]lthough the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Brackets in original; internal quotation marks omitted.) Buell Industries, Inc. v. Greater NewYork Mutual Ins, Co., 259 Conn. 527, 550, 791 A.2d 489 (2002). CT Page 9032
The defendants move for summary judgment on the ground that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law because the rule against double recovery precludes the plaintiff from recovering twice for the same injury. The defendants argue that the plaintiff has already been compensated for her injuries in the previous action against Monro, which involved "the same incident . . . the same instrumentality, the automatice lift, and the same injuries and damages." (Defendants' Memorandum in Support of its Motion for Summary Judgment, p. 3.) They argue, therefore, that pursuant to the rule against double recovery, the plaintiff should be prohibited from further recovery in this case. "The injuries which the plaintiff now claims are not `new.' They are simply alleged sequellae of the original injuries." (Defendants' Reply Brief, p. 1.)
The plaintiff counters that there exist material issues of fact and that she has suffered additional injuries for which she was not compensated in her prior action against Monro. The plaintiff contends that she should therefore be compensated for these additional injuries.
The rule against double recovery is a "simple and time-honored maxim that [a] plaintiff may be compensated only once for his just damages for the same injury. . . . Plaintiffs are not foreclosed from suing multiple defendants, either jointly or separately, for injuries for which each is liable, nor are they foreclosed from obtaining multiple judgments against joint tortfeasors. . . . Double recovery is foreclosed by the rule that only one satisfaction may be obtained for a loss that is the subject of two or more judgments." (Brackets in original; internal quotation marks omitted.) Haynes v. Yale-New Haven Hospital, 243 Conn. 17, 22 n. 6,699 A.2d 964 (1997).
In Haynes v. Yale-New Haven Hospital, the plaintiffs decedent was involved in a head-on collision with another motorist. Id., 20. The decedent was subsequently transported to Yale-New Haven Hospital for treatment, and while in the care of hospital doctors, she died. Id. The plaintiff brought suit against the driver of the vehicle that struck the decedent's vehicle and recovered $20,000 from the driver's automobile liability coverage and $630,000 from the decedent's underinsured motorist coverage. Id., 20-21. As in the present case, the plaintiff then brought a second action against a different party and under a different theory of recovery, seeking recovery for the same harm. Id., 21. In the second action, the plaintiff brought a medical malpractice claim against the hospital for the wrongful death of the decedent. Id. Subsequently, the hospital filed a motion for summary judgment on the ground that the rule against double recovery barred the plaintiff from recovering twice for the death of the decedent. Id., 22. The trial court granted the motion CT Page 9033 "because it concluded that as a result of the plaintiffs having been fully compensated for the death of her decedent, she was precluded from pursuing this claim against the defendants by the common-law rule barring a double recovery for the same injury." Id. On appeal to our Supreme Court, the trial court's decision was affirmed. Id., 39.
In the present case, the defendants have met their burden of establishing that there are no genuine issues of material fact. Although the plaintiff, in her objection, asserts that there exist material issues of fact, she fails to "provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Mytych v. May Dept.Stores Co., 260 Conn. 164 n. 8.
Having established that there are no genuine issues of material fact, the court must now determine whether the defendants are entitled to judgment as a matter of law. The court agrees with the defendants that the plaintiffs injuries, of which she now complains, are not new injuries. Rather, the injuries resulting from the use of a cane and from limping are the sequellae of her original injuries for which she has already been compensated. "[T]here can be but one satisfaction of damages, and where judgments are rendered against different persons for the same cause of action, payment of one is a satisfaction of all." (Internal quotation marks omitted.) Gionfriddo v. Gartenhaus Cafe,211 Conn., 67, 74-75, 557 A.2d 540 (1989).
Accordingly, the defendants' motion for summary judgment is granted because, as a matter of law, the rule against double recovery precludes the plaintiff from receiving more than one satisfaction.
D. Michael Hurley, JTR