## THOMASINA BULGER *v.* JAMES LIEBERMAN
### (13832)

Dupont, C. J., and O'Connell and Lavery, Js.

Argued November 2—decision released December 5, 1995

*Anthony A. Piazza,* with whom, on the brief, was *Wesley M. Malowitz,* for the appellant (plaintiff).

*Joyce H. Young,* assistant town attorney, for the appellee (defendant).

PER CURIAM. In this action based on the wrongful termination of employment, the plaintiff appeals from

the judgment of the trial court granting the defendant's motion for summary judgment. The trial court based its decision on the doctrine of collateral estoppel because the issue of wrongful termination was previously litigated in binding arbitration pursuant to a collective bargaining agreement. We conclude that the issues in this case are governed by *Corey* v. *Avco-Lycoming Division*, 163 Conn. 309, 318, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973), and do not fall within the exceptions explicated in *Genovese* v. *Gallo Wine Merchants, Inc.*, 226 Conn. 475, 628 A.2d 946 (1993).

Accordingly, the general rule outlined in *Corey* controls, and the factual determinations made in final and binding arbitration are given preclusive effect. See *Busconi* v. *Dighello*, 39 Conn. App. 753, 766–68, 668 A.2d 716 (1995). The arbitration panel's unanimous decision that the plaintiff resigned from her employment with the town is binding on her under the doctrine of collateral estoppel and is dispositive of the issues alleged in this case.

The judgment is affirmed.