[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#135)
The plaintiffs, Westport Resources Investment Services, Inc. (Westport Resources) and John A. Vaccaro, brought this action against the defendants, Robert W. Parker and Sperber Adams Company, Inc. (Sperber Adams), seeking to enforce an arbitration award issued by the National Association of Securities Dealers (NASD). In the October 31, 1994 arbitration award, the arbitrators found the defendants jointly and severally liable to the plaintiffs, and ordered the defendants to pay the plaintiffs the sum of $40,000.00, inclusive of interest. Following the decision, Parker filed a motion for reconsideration or clarification, which was denied. CT Page 7328
In his amended answer filed on November 3, 1995, Parker asserts a counterclaim against Westport Resources and four special defenses. The first and second special defenses were the subject of a motion for summary judgment which was granted in favor of the plaintiff by the court, Lewis, J., on November 6, 1995. In the third special defense, Parker alleges that the arbitration award was "induced and perpetrated by fraud and collusion by the co-defendant, Sperber Adams and Company and by the plaintiff." In the fourth special defense, Parker alleges that the "plaintiff's claim has been satisfied in full by the co-defendant Sperber Adams and Company, Inc." In the counterclaim, Parker alleges that Westport Resources and Sperber Adams conspired together to mislead and fraudulently induce the arbitrators into granting a wrongful award against Parker. On February 7, 1996, Westport Resources filed a reply, denying the relevant allegations of Parker's counterclaim and special defenses.
On July 25, 1996, Westport Resources filed a motion for summary judgment as to defendant Parker's counterclaim and third and fourth special defenses on the ground that there is no genuine issue of material fact as to the counterclaim and special defenses. In support of this motion, the plaintiff submitted a memorandum of law, along with an affidavit by John A. Vaccaro, the president of Westport Resources, a copy of the arbitration award, a copy of the arbitrators' letter denying Parker's motion for reconsideration or clarification, and a copy of the statement of claim and answer in a separate proceeding between Sperber Adams and Westport Resources. On August 22, 1996, Parker filed a memorandum of law in opposition to the plaintiffs' motion.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.)Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, CT Page 7329663 A.2d 1001 (1995).
In their supporting memorandum, the plaintiffs argue that the issues of fraud and collusion asserted in Parker's counterclaim and third special defense are precluded by the doctrine of collateral estoppel because the issue of Parker's liability was fully and fairly litigated and was actually decided during the arbitration proceedings. According to the plaintiffs, the arbitration proceeding was the proper forum in which to challenge Parker's liability, and a motion to vacate or an appeal the proper remedy by which to challenge the validity of the award. The plaintiffs argue that there is no genuine issue of material fact as to the allegations in Parker's counterclaim and his third special defense, and that judgment should enter in favor of the plaintiffs as a matter of law.
In addition, the plaintiffs argue that Parker's allegation in the fourth special defense, that the arbitration award has been satisfied by Sperber Adams, is wholly inaccurate and cannot be substantiated. In support of this claim, the plaintiffs have submitted an affidavit by John A. Vaccaro, the president of Westport Resources, in which he attests that Parker never filed a motion to vacate or appealed the arbitration award, the arbitration award against the defendants remains unpaid and unsatisfied, that Westport Resources services some of Sperber Adam's former brokerage accounts but has neither acquired the assets nor liabilities of Sperber Adams, and, finally, that defendants Parker and Sperber Adams remain jointly and severally liable to Westport Resources in the amount of $40,000.00. Because the arbitrators found Parker and Sperber Adams jointly and severally liable, the plaintiffs argue that Westport Resources is entitled to recover the entire award from either Sperber Adams or Parker, and that Parker may be required to pay the entire $40,000.00. The plaintiffs argue that there is no genuine issue of material fact regarding the plaintiffs' ability to obtain and collect the full amount from either defendant, and, therefore, that judgment should be granted as to the fourth special defense as well.
In his opposing memorandum, Parker argues that the doctrine of collateral estoppel is not applicable unless an issue was fully and fairly litigated in the first action. Because the issues of whether Sperber Adams and Westport Resources engaged in fraud and collusion during the arbitration proceeding and whether Sperber Adams and Westport Resources were one and the same entity CT Page 7330 were never raised by Parker at the arbitration proceeding, Parker argues that these issues were not actually litigated at that proceeding and thus are not subject to collateral estoppel.
Furthermore, Parker argues that pursuant to a May 27, 1993 agreement between Sperber Adams and Westport Resources, in which Westport Resources assumed all of the assets of Sperber Adams, Sperber Adams ceased doing business and became one entity with Westport Resources. According to Parker, the arbitration award is tainted because of this "merger" between Sperber Adams and Westport Resources, and any debt owed by Sperber Adams to Westport Resources was effectively satisfied as a result of the "merger." Because Sperber Adams satisfied the arbitration award, Parker argues that Westport Resources can no longer seek satisfaction of the judgment from Parker. Parker asserts that there are genuine issues of material fact precluding summary judgment.
"The doctrines of res judicata and collateral estoppel protect the finality of judicial determinations, conserve the time of the court, and prevent wasteful relitigation." Gionfriddov. Gartenhaus Cafe, 15 Conn. App. 392, 401, 546 A.2d 284 (1988), aff'd, 211 Conn. 67, 557 A.2d 540 (1989). "Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action." Aetna Casualty Surety Co. v. Jones, 220 Conn. 285,296, 596 A.2d 414 (1991). "For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." (Internal quotation marks omitted.) Id. The factual determinations made in final and binding arbitration are given preclusive effect under the doctrine of collateral estoppel. Bulger v. Lieberman,39 Conn. App. 772, 773, 667 A.2d 561 (1995).
In the present case, the plaintiff has failed to sustain its burden by demonstrating that the issue of whether Sperber Adams and Westport Resources engaged in fraud and collusion during arbitration was fully and fairly litigated in the arbitration proceeding. Even assuming that this issue could have been raised at that proceeding, there is no indication that it was actually decided at arbitration. Although Parker never filed a motion to vacate the arbitration award pursuant to General Statutes § 52-418,[1] neither party filed an application to confirm (§ 52-417), vacate (§ 52-418) or modify (§ 52-419) CT Page 7331 the arbitration award pursuant to the relevant statutes. Furthermore, the statutory procedures specified in those sections "are not the exclusive means for judicial enforcement of an arbitration award but rather are an expeditious means to turn a voluntary contractual proceeding into a judgment of the court for purposes of executing on, or enforcement of, the arbitration award." Spearhead Construction Corp. v. Bianco, 39 Conn. App. 122,130-31, 665 A.2d 86, cert. denied, 235 Conn. 928,667 A.2d 554 (1995) (plaintiff was not precluded from suing on arbitration award even though it failed to confirm the award within the statutory period). The doctrine of collateral estoppel does not preclude the issues of fraud and collusion from being raised in the present action, and, therefore, that the plaintiffs' motion for summary judgment as to Parker's counterclaim and third special defense is denied.
With respect to Parker's fourth special defense, an issue of material fact exists as to whether the arbitration award has been satisfied by Sperber Adams, precluding summary judgment.
In support of their motion for summary judgment, the plaintiffs submitted copies of the statement of claim and answer in a separate action between Sperber Adams and Westport Resources. In its statement of claim, Sperber Adams alleges that on May 27, 1993, it entered into an agreement with Westport Resources wherein Sperber Adams agreed to sell, transfer and assign all of its securities brokerage accounts, its leasehold interest in the premises at 319 Post Road East, Westport, Connecticut, and its telephone numbers, post office box and customer list to Westport Resources. In consideration for the forgoing, Sperber Adams alleges that Westport Resources agreed to pay five percent (5%) of Westport Resources's gross revenues for a period of five (5) years exempting therefrom the first $200,000.00 in revenues up to a maximum of $250,000.00. Sperber Adams claims that it has fulfilled its obligations under the agreement and seeks payment in accordance with the terms of the agreement. In its answer, Westport Resources's denies the relevant allegations in the statement of claim and asserts, by way of a setoff and counterclaim, the $40,000.00 NASD arbitration award.
Parker alleges in his fourth special defense that the arbitration award was satisfied by Sperber Adams. The statement of claim and answer in the separate action between Sperber Adams and Westport Resources raise an issue of material fact as to CT Page 7332 whether the arbitration award was satisfied by Sperber Adams either as a result of the alleged "merger" agreement between these two parties or as a result of the setoff claimed by Westport Resources. See Gionfriddo v. Gartenhaus Cafe, supra,211 Conn. 73 ("a payment and satisfaction of the joint debt by one, is a satisfaction as to all"). The plaintiffs have failed to sustain their burden and the motion for summary judgment as to the fourth special defense is also denied.
KARAZIN, J.